| | |
|---|---|
| 1 | ROBERT A. MORGENSTERN, ESQ. (SBN 94180) |
|   | CHRISTOPHER F. JOHNSON, ESQ. (SBN 114177) |
| 2 | RICHARD M. OZOWSKI, ESQ. (SBN 219226) |
|   | MARANGA • MORGENSTERN       **E-filing** |
| 3 | A Professional Law Corporation |
|   | 88 Kearny Street, Suite 1475 |
| 4 | San Francisco, CA 94108 |
|   | (415) 248-5315; Fax (415) 248-5314 |
| 5 | rozowski@marmorlaw.com |
| 6 | Attorneys for Defendants, |
|   | TRIMAC TRANSPORTATION SERVICES, INC. and |
| 7 | ROHM AND HAAS COMPANY |

**FILED**
AUG 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | | |
|---|---|---|
| SHEIK ZAHID ALI and SAFIYA ZAYNA ALI, | ) | Case No.: **C07-04263** |
| | ) | |
| Plaintiffs, | ) | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332; 1441; 1446 (DIVERSITY)** |
| vs. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.; COLUMBIA PAINT & COATINGS and DOES 1 to 100, | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that, by and through their joint counsel, defendants Trimac Transportation Services (Western), Inc. (hereinafter "Trimac") and Rohm and Haas Company (hereinafter "R&H") (Trimac and R&H collectively hereinafter, "Removing Defendants"), hereby remove to this Court the state court action described below.

1.     On March 7, 2007, Case No. HG-07-31429 was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *Sheik Zahid Ali and Safiya Zayna Ali v. Trimac Transportation Services (Western), Inc.; Columbia Paint & Coatings and Does 1 to 100* (hereinafter "the State Action"). On or about April 10, 2007, Plaintiffs filed an Amendment to Complaint in the State Action, substituting defendant R&H for "Doe No. 1." (True and correct copies of the Complaint and Amendment to Complaint are attached hereto as Exhibit "A.")

2.     The first date upon which Removing Defendants received a copy of the said Complaint was on April 23, 2007, when Removing Defendants were served with a copy of the Complaint and Summons. (True and correct copies of the Summons and related Proofs of Service are attached hereto as Exhibit "B.")

**Jurisdiction (Local Rule 3-5(a))**

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441(b) in that: (1) this is a civil action between citizens of different states; (2) none of the defendants is a citizen of the State of California and (3) the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.     The parties' diversity of citizenship is not apparent on the face of the Complaint, nor any other papers filed and/or served in the State Action. Upon independent investigation, however, Removing Defendants have ascertained the following with respect to citizenship:

5.     Defendant is informed and believes that Plaintiffs Sheik Zahid Ali and Safiya Zayna Ali were at all relevant times, and remain, citizens of the State of California. At the time of the filing of the State Action, Defendant Trimac was, and remains, a citizen of: (a) the State of Delaware, the place of its incorporation and (b) the Province of Alberta, Canada, the domiciled location of its principal place of business.

6.     At the time of the filing of the State Action, Defendant Columbia Paint & Coatings was, and remains, a citizen of: (a) the State of Idaho, the place of its incorporation and (b) the State of Washington, the domiciled location of its principal place of business.

///

7.  At the time of the filing of the State Action, Defendant Rohm and Haas Company was, and remains, a citizen of: (a) the State of Delaware, the place of its incorporation and (b) the State of Pennsylvania, the domiciled location of its principal place of business.

8.  On or about July 27, 2007, Plaintiffs Sheik Zahid Ali (hereinafter "Sheik") and Safiya Zayna Ali (hereinafter "Safiya") served their respective Responses to Defendant Trimac's Request for Statement of Damages (hereinafter "Statements of Damages"), in accordance with California Code of Civil Procedure, Sections 425.11 and 425.115. (True and correct copies of Sheik's and Safiya's respective Statements of Damages are attached hereto as Exhibit "C"). Sheik expressly alleges general damages in the amount of $10,000,000.00, while Safiya alleges general damages in the amount of $1,000,000.00. Such amounts, individually and collectively, clearly exceed $75,000.00, in accordance with 28 U.S.C. § 1332.

**Intradistrict Assignment (Local Rules 3-5(b); 3-2(c)–(d))**

9.  Pursuant to 28 U.S.C. § 1446(a), Removing Defendants hereby remove the State Action to this United States District Court for the Northern District of California – Oakland Division, as the district and division that embraces the venue wherein the State Action is pending. The State Action is pending in the County of Alameda. Pursuant to Rule 3-2(d) of the Local Rules of this Court, "all civil actions which arise in the counties of Alameda . . . shall be assigned to the San Francisco Division or the Oakland Division." Therefore, removal to this district and division is proper.

**Joinder Of Defendants**

10. The State Action made the subject of this removal, involves three (3) named defendants: (1) Trimac; (2) R&H and (3) Columbia Paint & Coatings (hereinafter "Columbia"). By and through their joint counsel, Trimac and R&H hereby remove the State Action to this Court.

11. Defendant Columbia has not joined the removal. Columbia is a dual corporate citizen of the States of Washington and Idaho. Columbia also has alleged a lack of Constitutional minimum contacts with the State of California. Therefore, Columbia filed in the State Action a

Motion to Quash Service of Summons ("Motion to Quash"),[1] fully contesting California exercise of personal jurisdiction.[2] (True and correct copies of Columbia's papers and briefs in support of its Motion to Quash, as well as Plaintiffs' brief in opposition thereto, are attached hereto as Exhibit "D.")

12. On or about July 23, 2007, the Honorable Kenneth Mark Burr issued a Tentative Ruling granting Columbia's Motion to Quash. After formal hearing on July 25, 2007, however, Judge Burr continued the Motion to Quash to November 27, 2007. (A true and correct copy of the Order Continuing Motion to Quash to Permit Jurisdictional Discovery is attached hereto as Exhibit "E.") In the interim, Judge Burr permitted Plaintiffs to conduct limited discovery, solely related to the issue of "minimum contacts" and otherwise the propriety of California exercise of personal jurisdiction over Columbia. *Id.* Accordingly, Columbia is not inclined to join the removal at this time.

13. In *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), the Ninth Circuit indicated, without ruling, that a defendant who has challenged the sufficiency of process may be considered the equivalent of a defendant who has not been served with process at all–the latter being excepted from the "unanimity" requirement set forth in, *inter alia*, *Salveson v. Western States Bankcard Ass'n* 731 F.2d 1423, 1429 (9th Cir. 1984). The *Prize Frize* Court, however, refrained from further analysis, because the removing defendant affirmed only that *many* non-joining defendants, as opposed to *all* non-joining defendants, had challenged process. *Id.* Indeed, at least one of the non-joining defendants had in fact made a general appearance. *Id.*

14. No such disparity exists in the case at bar. All parties who have made general appearances in the State Action, namely Trimac and R&H, have joined the removal. Therefore, Defendants Trimac and R&H respectfully contend that defendant Columbia, having challenged the sufficiency of process and further having refrained from a general appearance, should be deemed a non-served defendant whose joinder is excepted in accordance with *Salveson*. *Id.*

---

[1] Pursuant to California Code of Civil Procedure, Section 418.10(1).

[2] *Id.*

1  **State Court File Attached**

2      15.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process and
3  orders served in the State Action are attached hereto as Exhibits "A" – "J."

4  **Demand For Jury**

5      16.    Defendants Trimac and R&H hereby demand trial by jury in this action.

7  DATED: August 20, 2007          MARANGA • MORGENSTERN
                                             A Professional Law Corporation

                                             [signature]
                                             ROBERT A. MORGENSTERN
                                             CHRISTOPHER F. JOHNSON
                                             RICHARD M. OZOWSKI
                                             Attorneys for Defendants,
                                             TRIMAC TRANSPORTATION SERVICES, INC. and
                                             ROHM & HAAS COMPANY