**EXHIBIT A**

982.1(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, sr number, and address)*:
MERRILL G. EMERICK, Esq. (SBN 117248)
ROBERT M. DESKY, Esq. (SBN 22977)
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
400 South El Camino Real, Suite 700
San Mateo, California 94402
TELEPHONE NO: (650) 348-0102    FAX NO. *(Optional)*: (650) 348-0962

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: Hayward, California 94544
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF: SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

DEFENDANT: TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.; COLUMBIA PAINT & COATINGS and

[X] DOES 1 TO 100

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

MAR 0 7 2007

CLERK OF THE SUPERIOR COURT
By  SUSAN ERICKSON
Deputy

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | |
| --- | --- |
| [ ] AMENDED *(Number)*: | |

Type *(check all that apply)*:
[ ] MOTOR VEHICLE        [X] OTHER *(specify)*:
[ ] Property Damage      [ ] Wrongful Death
[X] Personal Injury      [X] Other Damages *(specify)*: Loss of
Consortium by Safiya Zayna Ali

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
HG07314291

1.  **Plaintiff** *(name or names)*: SHEIK ZAHID ALI and SAFIYA ZAYNA ALI, his wife
    alleges causes of action against **defendant** *(name or names)*: TRIMAC TRANSPORTATION SERVICES (WESTERN), INC. and COLUMBIA PAINT & COATINGS
2.  This pleading, including attachments and exhibits, consists of the following number of pages: 6
3.  Each plaintiff named above is a competent adult
    a. [ ] **except** plaintiff *(name)*:
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe)*:
        (3) [ ] a public entity *(describe)*:
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify)*:
        (5) [ ] other *(specify)*:

    b. [ ] **except** plaintiff *(name)*:
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe)*:
        (3) [ ] a public entity *(describe)*:
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify)*:
        (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Legal
Solutions
◎ Plus

Code of Civil Procedure, § 425.12

982.1(1)

| SHORT TITLE ALI v. TRIMAC, ~ al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): TRIMAC          c. ☐   except defendant (name):
      TRANSPORTATION SERVICES (WESTERN),
      INC.
      (1) ☐   a business organization, form unknown          (1) ☐   a business organization, form unknown
      (2) ☒   a corporation                                   (2) ☐   a corporation
      (3) ☐   an unincorporated entity (describe):            (3) ☐   an unincorporated entity (describe):

      (4) ☐   a public entity (describe):                     (4) ☐   a public entity (describe):

      (5) ☐   other (specify):                                (5) ☐   other (specify):


   b. ☒ except defendant (name): COLUMBIA PAINT   d. ☐   except defendant (name):
      & COATINGS

      (1) ☐   a business organization, form unknown          (1) ☐   a business organization, form unknown
      (2) ☒   a corporation                                   (2) ☐   a corporation
      (3) ☐   an unincorporated entity (describe):            (3) ☐   an unincorporated entity (describe):

      (4) ☐   a public entity (describe):                     (4) ☐   a public entity (describe):

      (5) ☐   other (specify):                                (5) ☐   other (specify):


   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other
        named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants (specify Doe numbers): 51-100 _____ are persons whose capacities are unknown to
        plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐   at least one defendant now resides in its jurisdictional area.
   b. ☐   the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐   injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify):  TRIMAC has a regional office and major terminal in Hayward; COLUMBIA PAINT regularly
        conducts business in California.


9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐   has complied with applicable claims statutes, or
   b. ☐   is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

982.1(1)

| SHORT TITLE: ALI v. TRIMAC, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):* Plaintiff SAFIYA ZAYNA ALI has suffered loss of consortium as the wife of Plaintiff SHEIK ZAHID ALI and has also suffered substantial economic damages resulting from losses in her own personal income from having to devote hours previously spent in gainful employment in order to care for her disabled husband.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(In cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   First Cause of Action, Para. GN-1, (first Para., inserted language);
   Second Cause of Action, Para. Prem. L-1, Para. (inserted language).

Date: February 27, 2007

ROBERT M. DESKY, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

| SHORT TITLE:<br>ALI v. TRIMAC, et al. | CASE NUMBER: |
|---|---|

FIRST _____ **CAUSE OF ACTION - General Negligence** _____ Page 4 _____
      (number)

ATTACHMENT TO  [X] Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

   alleges that defendant *(name)*:  TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.;
   COLUMBIA PAINT & COATINGS and

      [X] Does 1 _____ to 100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*: July 19, 2006

at *(place)*: Hayward, California, Los Angeles, California, Spokane, Washington and other locations
presently unknown (TRIMAC) and Spokane, Washington (COLUMBIA PAINT).
*(description of reasons for liability)*:

TRIMAC TRANSPORTATION SERVICES (WESTERN), INC., ("TRIMAC") has a principal place of business
within the State of California. It conducts substantial business consisting of bulk trucking transportation for
commodities, including a major regional office and terminal in Hayward, California in the County of Alameda. There it
hired Plaintiff Zahid Ali's employer Intaz Ali, to furnish a tractor to pull a pressurized tanker owned and controlled by
TRIMAC as part of its fleet operation to transport bulk liquid latex paint. Intaz Ali hired Plaintiff Sheik Zahid Ali to
drive the truck-tractor pulling the semi-trailer containing bulk liquid latex paint under pressure, from Los Angeles,
California to Spokane, Washington. Plaintiff is informed and believes, and alleges upon such information and belief, that
during the unloading of the latex paint at a terminal in Spokane, Washington operated by defendant COLUMBIA
PAINT, said Plaintiff was exposed to hazardous and unsafe conditions consisting of excessive internal pressure that
caused a cap to blow off the top of the tanker. Plaintiff who was on the top of the tanker was struck and fell 20 feet to
the pavement suffering serious permanent and disabling personal injuries proximately caused by the hazardous and
unsafe conditions and unsafe equipment created, caused and/or operated by Defendants, exacerbated by the absence of
safety measures for the protection of Plaintiff during the time he was engaged in such unloading on top of the tanker.
Defendant TRIMAC's retention of control over the tanker and its providing unsafe equipment, affirmatively contributed
to such Plaintiff's injuries, as did COLUMBIA PAINT's unloading operation.

TRIMAC is and was at all times alleged in the Complaint a fleet operator with its principal business consisting of
major facilities and making continuing shipments from points of origin within California including both the Los Angeles
terminal and with regional facilities including a terminal and operations center at Hayward, California. The shipment
was made from Los Angeles, California to COLUMBIA PAINTS Spokane, Washington terminal.

For such reasons the negligence of the Defendants and each of them was the proximate cause of the accident and the
serious permanent and disabling personal injuries suffered by Plaintiff as well as the loss of consortium and economic
losses suffered by his wife, Safiya Zayna Ali in having to care for and provide transportation for medical care, therapy
and for other necessary care and assistance for her husband, Plaintiff Sheik Zahid Ali, proximately causing loss of
income and other economic losses proximately caused by the necessity of providing such care and assistance.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

**CAUSE OF ACTION - General Negligence**

Legal
Solutions
& Plus

CCP 425.12

| SHORT TITLE ALI v. TRIMAC, et al. | CASE NUMBER |
|---|---|

SECOND _____ **CAUSE OF ACTION - Premises Liability**                    Page 5 _____
(number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1.  Plaintiff *(name)*: SHEIK ZAHID ALI and SAFIYA ZAYNA ALI
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: July 19, 2006          plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
COLUMBIA PAINT provided an unsafe facility and equipment for the unloading of bulk latex paint
products from the tanker, negligently causing such facilities to be improperly maintained and improperly
operated in a manner unsafe and unsuitable for the unloading of bulk latex paint transported and stored
under pressure and/or to control the pressure safely during the time of such unloading, proximately
causing the Plaintiff to be struck by a cap enclosing the bulk latex paint stored under pressure. Such
Plaintiff Sheik Zahid Ali is informed and believes and alleges upon such information and belief, that due to
excessive pressure or other causes under the control of COLUMBIA PAINT, a cap enclosing the bulk
latex paint stored under pressure, flew off and struck Plaintiff during the time of such unloading,
proximately causing him to fall 20 feet from the top of the tanker onto the concrete loading dock and to
suffer serious and permanent disabling injuries.

Prem.L-2.   ☒ **Count One-Negligence**  The defendants who negligently owned, maintained, managed and operated
the described premises were *(names)*: COLUMBIA PAINT and

         ☒ Does 1 _____ to 50 _____

Prem.L-3.   ☐ **Count Two-Willful Failure to Warn**  [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names)*:

         ☐ Does _____ to _____
         Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4.   ☐ **Count Three-Dangerous Condition of Public Property**  The defendants who owned public property
on which a dangerous condition existed were *(names)*:

         ☐ Does _____ to _____
         a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the
            dangerous condition in sufficient time prior to the injury to have corrected it.
         b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5.  a. ☒ **Allegations about Other Defendants**  The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names)*: presently unknown
and

         ☒ Does 1 _____ to 100 _____
         b. ☒ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
            ☐ described in attachment Prem.L-5.b ☒ as follows *(names)*: Presently unknown.

**CAUSE OF ACTION - Premises Liability**           Legal
Solutions
& Plus           CCP 425.12

| SHORT TITLE: ALI v. TRIMAC, et al. | CASE NUMBER: |
|---|---|

THIRD _____ **CAUSE OF ACTION - Products Liability**          Page 6 ____
   (number)

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*:  SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

Prod.L-1.  On or about *(date)*:  The first part of July 2006,    plaintiff was injured by the following product:
culminating in the accident and injuries to Plaintiff on July 19, 2006 (TRIMAC), and on July 19, 2006
(COLUMBIA PAINT).  Bulk liquid latex paint transported and stored under pressure and negligently
loaded, installed and/or unloaded by Defendants and each of them, creating a hazardous condition
exacerbated by the use of unsafe equipment, improper precautions and other unsafe and inadequate
measures by Defendants, and each of them, proximately causing injury to Plaintiff.

Prod.L-2.  Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant.  The product at the time of injury
was being
   [ ] used in the manner intended by the defendants.
   [X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
         readily apparent.  Adequate warnings of the danger were not given.

Prod.L-3.  Plaintiff was a
   [ ] purchaser of the product.                          [X] user of the product.
   [ ] bystander to the use of the product.               [ ] other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod.L-4.  [X] **Count One-Strict liability** of the following defendants who
         a.  [X] manufactured or assembled the product *(names)*:    TRIMAC TRANSPORTATION SERVICES
             (WESTERN), INC. and COLUMBIA PAINT & COATINGS and

                  [X] Does 1 _____ to 50 _____
         b.  [X] designed and manufactured component parts supplied to the manufacturer *(names)*:


                  [X] Does 51 _____ to 100 ___
         c.  [X] sold the product to the public *(names)*:  TRIMAC


                  [X] Does 51 _____ to 100 ____
Prod.L-5.  [X] **Count Two-Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
         TRIMAC TRANSPORTATION SERVICES (WESTERN), INC. and COLUMBIA PAINT &
         COATINGS
                  [X] Does 1 _____ to 100 _____
Prod.L-6.  [X] **Count Three-Breach of warranty** by the following defendants *(names)*:   TRIMAC & COLUMBIA PAINT


                  [ ] Does _____ to _____
         a.  [X] who breached an implied warranty
         b.  [ ] who breached an express warranty which was
             [ ] written    [ ] oral
Prod.L-7.  [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
         [ ] listed in Attachment-Prod.L-7    [X] as follows:  Defendants in addition to the above named
         Defendants, are as yet currently unknown.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(6)
Optional Form                    **CAUSE OF ACTION - Products Liability**          Legal
                                                                        Solutions·
                                                                        Co Plus          CCP 425.12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, number, and address): | FOR COURT USE ONLY |
|---|---|
| MERRILL G. EMERICK, Esq (SBN 117248)<br>ROBERT M. DESKY, Esq. (SBN 22977)<br>ANDERLINI, FINKELSTEIN, EMERICK & SMOOT<br>400 South El Camino Real, Suite 700<br>San Mateo, California 94402 | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 0 7 2007 |
| TELEPHONE NO.: (650) 348-0102   FAX NO.: (650) 348-0962 | |
| ATTORNEY FOR (Name): Plaintiff SHEIK ZAHID ALI and SAFIYA ZAYNA ALI | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS: Hayward, California 94544<br>CITY AND ZIP CODE:<br>BRANCH NAME: | CLERK OF THE SUPERIOR COURT<br>By  SUSAN ERICKSON<br>Deputy |
| CASE NAME:  ALI v. TRIMAC, et al. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>HG07314291 |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify):  Three

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015).

Date: February 23, 2007

MERRILL G. EMERICK, Esq.  (SBN 117248)
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>Legal Solutions Plus |

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

   You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

   If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

**Appointment of Arbitrator** (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing

#### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
|---|---|---|
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

Case No.: _____

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE.

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):    ☐ UNLIMITED CASE    ☐ LIMITED CASE | |
|       (Amount demanded     (Amount demanded is $25,000 | |
|       exceeds $25,000)       or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev January 1, 2007]

CASE MANAGEMENT STATEMENT

Legal Solutions Plus

Cal. Rules of Court,
rules 3.720-3.730

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

14. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

☐ Additional cases are described in Attachment 14a:

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

| | |
|---|---|
| PLAINTIFF/PETITIONER: | NUMBER: |
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

        Party                         Description                                Date

    c. ☐ The following discovery issues are anticipated *(specify):*

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

19. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

20. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. **Case management orders**
    Previous case management orders in this case are *(check one):*   ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

Anderlini, Finkelstein & Emerick
Attn: Desky, Robert M.
400 S. El Camino Real
Ste. 700
San Mateo, CA  94402

## Superior Court of California, County of Alameda

Ali

**Plaintiff/Petitioner(s)**

VS.

Trimac Transportation Services (Western), Inc.

**Defendant/Respondent(s)**

(Abbreviated Title)

No. HG07314291

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**

Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/20/2007 Time: 09:45 AM | Department: 30 Location: **U.S. Post Office Building** **Second Floor** **201 13th Street, Oakland CA 94612** Internet: **http://www.alameda.courts.ca.gov** | Judge: **Kenneth Mark Burr** Clerk: **Kathy McKean** Clerk telephone: **(510) 208-3926** E-mail: **Dept.30@alameda.courts.ca.gov** Fax: **(510) 251-8137** |
|---|---|---|

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council form CM 110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/11/2007.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: HG07314291
Case Title:    Ali VS Trimac Transportation Services (Western), Inc.
Date of Filing: 03/07/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Kenneth Mark Burr** |
| **Department:** | **30** |
| **Address:** | **U.S. Post Office Building** |
| | **201 13th Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 208-3926** |
| **Fax Number:** | **(510) 251-8137** |
| **Email Address:** | **Dept.30@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Kenneth Mark Burr
DEPARTMENT 30

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for Dept. 30

- Cases Assigned to Judge Burr, Tentative Ruling Line before July 1, 2007: (510) 208-4931

- Cases Assigned to Judge Miller, Tentative Ruling Line before July 1, 2007: (510) 690-2709

- All cases, Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated: 05/10/2007

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/11/2007

By _____

Deputy Clerk

1 | ROBERT A. MORGENSTERN, ESQ. (SBN 94180)
CHRISTOPHER F. JOHNSON, ESQ. (SBN 114177)
2 | MARANGA • MORGENSTERN
A Professional Law Corporation
3 | 88 Kearny Street, Suite 1475
San Francisco, CA 94108
4 | (415) 248-5315; Fax (415) 248-5314

5 | Attorneys for Defendant,
TRIMAC TRANSPORTATION SERVICES, INC.
6

FILED
ALAMEDA COUNTY

JUN 0 5 2007

CLERK OF THE SUPERIOR COURT
By _____ Susan Caickson
Deputy

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ALAMEDA - HAYWARD BRANCH

10

11 | SHEIK ZAHID ALI and SAFIYA ZAYNA ALI,

**Case No.: HG-07-314291**
[Complaint Filed: March 7, 2007]

12

Plaintiffs,

**DEMAND FOR TRIAL BY JURY**

13

14 | vs.

Discovery Cut-Off:   None
15 | TRIMAC TRANSPORTATION SERVICES   Motion Cut-Off:   None
(WESTERN), INC.; COLUMBIA PAINT &   Trial Date:   Not Set
16 | COATINGS and DOES 1 to 100,

17 | Defendants.

18

19 | TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

20 | PLEASE TAKE NOTICE that Defendant, TRIMAC TRANSPORTATION SERVICES,

21 | INC. hereby demands trial by jury in the above-entitled matter.

22

23 | DATED:  May 31, 2007   MARANGA • MORGENSTERN
A Professional Law Corporation
24

25

26 | CHRISTOPHER F. JOHNSON
Attorneys for Defendant,
27 | TRIMAC TRANSPORTATION SERVICES, INC.

28

1
DEMAND FOR TRIAL BY JURY

1     PROOF OF SERVICE

2   STATE OF CALIFORNIA            )
                                   ) ss.
3   COUNTY OF SAN FRANCISCO        )

4         I am employed in the County of San Francisco, State of California. I am over the age of
    18 and not a party to the within action; my business address is 88 Kearny Street, Suite 1475, San
5   Francisco, California 94108.

6         On today's date, I served the foregoing document described as **DEMAND FOR TRIAL
    BY JURY** on all parties in this action as follows:
7

8   Merrill G. Emerick & Smoot, Esq.
    Robert M. Desky, Esq.
9   ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
    400 South El Camino Real, Suite 700
10  San Mateo, California 94402
    (650) 348-0102; Fax (650) 648-0962                    Attorneys for Plaintiffs
11
    Joshua S. Goodman, Esq.
12  JENKINS, GOODMAN, NEUMAN & HAMILTON, LLP
    417 Montgomery Street, 10th Floor
13  San Francisco, California 94104
    (415) 705-0400; Fax (415) 705-0411                    Attorneys for Defendant
14                                                         Columbia Paints

15    X    By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with
           the firm's practice of collection and processing of mailing. Under the practice it would be
16         deposited with the U.S. Postal Service on that same day with postage thereon fully
           prepared at San Francisco, California in the ordinary course of business. I am aware that
17         on motion of the party served, service is presumed invalid if postal cancellation date or
           postage meter is more than one day after day of deposit for mailing an affidavit.
18
           By Telefax. I forwarded such document by telefax to the offices of the addressee(s) at
19         telefax number        at the telefax number(s) indicated above.

20         By Personal Service. I delivered such envelope by hand to the addressee(s).

21         By Overnight Courier. I caused the above-referenced document(s) to be delivered to an
           overnight courier service for delivery to the above addressee(s).
22
           Executed on May 31, 2007, at San Francisco, California.
23
           I declare under penalty of perjury under the laws of the State of California that the above
24  is true and correct.

25

26                                              Linda Johnson

27

28

                                       2
                            DEMAND FOR TRIAL BY JURY

1  MERRILL G. EMERICK, ESQ. (SBN 117248)
   ROBERT M. DESKY, ESQ. (SBN 22977)
2  ANDERLINI, FINKELSTEIN, EMERICK & SMOOT          ENDORSED
   400 South El Camino Real Suite 700                 FILED
3  San Mateo, California 94402                   ALAMEDA COUNTY
4  Telephone (650) 348-0102                          APR 1 1 2007
   Facsimile (650) 348-0962
5                                             CLERK OF THE SUPERIOR COURT
6  Attorneys for Plaintiffs                       By Tasha Perry, Deputy
   SHEIK ZAHID ALI and SAFIYA ZAYNA ALI
7

8

9
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                IN AND FOR THE COUNTY OF ALAMEDA – HAYWARD BRANCH
11

12

13  SHEIK ZAHID ALI and SAFIYA ZAYNA   )    Case No.: HG-07-314291
14  ALI,                               )
                                       )    AMENDMENT TO COMPLAINT
15        Plaintiffs,                  )
                                       )        BY FAX
16  vs.                                )
                                       )
17                                     )
    TRIMAC TRANSPORTATION SERVICES     )
18  (WESTERN), INC.; COLUMBIA PAINT &  )
19  COATINGS and DOES 1 to 100,        )
                                       )
20        Defendants.                  )

21       Plaintiffs were ignorant of a defendant's name, stated that fact in the Complaint and
22  designated the defendant by a fictitious name. That defendant's true name has now been disovered
23
24  and Plaintiffs hereby amend the Complaint, as follows:

25  True Name:    ROHM AND HAAS COMPANY    Fictitious Name:    DOE 51

26       ROHM AND HAAS COMPANY is named as a defendant in place of and substituted for
27
28

                                         - 1 -

AMENDMENT TO COMPLAINT
                                                      10661863.tif - 4/11/2007 2:44:42 PM

1   DOE 51, a fictitiously named defendant.

2   DATED: April _10_, 2007

3                           ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

4

5                   By:

6                           ROBERT M. DESKY, Attorneys for
                            Plaintiffs SHEIK ZAHID ALI and SAFIYA
7                           ZAYNA ALI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 2 -

AMENDMENT TO COMPLAINT