**EXHIBIT D**

06/28/07  11:15 FAX 415'  411    JENKINS GOODMAN & NEUM.

*5715823*

RCO

1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   LISA Y. CHO, ESQUIRE - State Bar #240814
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for Defendant
   COLUMBIA PAINT & COATINGS
6

7

F I L E D
ALAMEDA COUNTY

JUN 2 8 2007

CLERK OF THE SUPERIOR COURT
By___MM___
                        Deputy

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF ALAMEDA

10

11  SHEIK ZAHID ALI and SAFIYA
    ZAYNA ALI,
12
                        Plaintiffs,
13
    vs.
14
    TRIMAC TRANSPORTATION
15  SERVICES (WESTERN) INC.;
    COLUMBIA PAINT & COATINGS;
16  ROHM AND HAAS COMPANY; and
    DOES 2 to 100,
17
                        Defendants.
18

Case No. HG-07-314291

NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS

[CCP § 418.10(a)(1)]

BY FAX

Date: July 25, 2007
Time: 9:30 a.m.
Dept: 30

19  TO EACH PARTY AND TO COUNSEL OF RECORD FOR EACH PARTY:

20        YOU ARE HEREBY NOTIFIED THAT on July 25, 2007, at 9:30 a.m. in Department

21  30 of the above-entitled Court, located at 201 Thirteenth Street, Oakland CA, Defendant

22  COLUMBIA PAINT & COATINGS ("Columbia") will appear specially and move the court for

23  an order quashing the service of summons in this action on the ground of lack of personal

24  jurisdiction over Columbia. The motion will be made on the basis that there are insufficient

25  contacts between Columbia and this State to support any constitutional basis for jurisdiction over

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

26

-1-

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS
CASE NO. HG-07-314291

10566102.tif - 6/28/2007 11:17.41 AM

08/28/07  11:15 FAX 415    411    JENKINS GOODMAN & NEUM.    ☑006

1   Columbia.

2       The motion will be based upon this Notice, the Memorandum of Points and Authorities

3   and Declaration of Julie Shiflett filed concurrently herewith, the files and records in this action and

4   any further evidence and argument that the Court may receive at or before the hearing.

5   DATED:  June 28, 2007                    JENKINS GOODMAN NEUMAN &
                                             HAMILTON LLP
6

7

8                                    By: _____
                                         LISA Y. CHO
                                         Attorneys for Defendant
9                                        COLUMBIA PAINT & COATINGS

10  f:\docs\jsg\ali v. trimac (columbia paint)\pleadings\motion to quash svc of summons\motion to quash notice.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      -2-

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS
CASE NO. HG-07-314291

10566102.tif - 6/28/2007 11:17.41 AM

08/28/07  11:15 FAX 415  )411          JENKINS GOODMAN & NEUM

*5715827*

RCO

1   JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
    LISA Y. CHO, ESQUIRE - State Bar #240814
2   JENKINS GOODMAN NEUMAN & HAMILTON LLP
    417 Montgomery Street, 10th Floor
3   San Francisco, California 94104
    Telephone: (415) 705-0400
4   Facsimile: (415) 705-0411

5   Attorneys for Defendant
    COLUMBIA PAINT & COATINGS
6

7

F I L E D
ALAMEDA COUNTY

JUN 2 8 2007

CLERK OF THE SUPERIOR COURT
By_____
                              Deputy

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

| 11  SHEIK ZAHID ALI and SAFIYA ZAYNA ALI, | Case No. HG-07-314291 |
|---|---|
| 12 | |
| 13  Plaintiffs, vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COLUMBIA PAINT AND COATINGS' MOTION TO QUASH SERVICE OF SUMMONS |
| 14  TRIMAC TRANSPORTATION SERVICES (WESTERN) INC.; | |
| 15  COLUMBIA PAINT & COATINGS; ROHM AND HAAS COMPANY; and DOES 2 to 100, | [CCP § 418.10(a)(1)] BY FAX |
| 16 | |
| 17 | |
| 18  Defendants. | Date: July 25, 2007 Time: 9:30 a.m. Dept: 30 |
| 19 | |

20      Defendant COLUMBIA PAINT & COATINGS ("Columbia") appears specially and

21   moves the Court for an order quashing the service of summons in this action, and submits the

22   following Memorandum of Points and Authorities in support of its motion, as follows:

23   ///

24   ///

25   ///

26                                      -1-

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF
SUMMONS
CASE NO. HG-07-314291

10566102.tif - 6/28/2007 11.17.41 AM

## I.    STATEMENT OF FACTS

Plaintiffs SHEIK ZAHID ALI and SAFIYA ZAYNA ALI seek recovery for personal injuries and loss of consortium arising out of an incident that occurred in the State of Washington on July 19, 2006. Plaintiff SHEIK ZAHID ALI ("Plaintiff"), a commercial truck driver, was unloading a shipment of bulk latex at Columbia's warehouse facility in Spokane, Washington, when a metal cap allegedly blew off the top of the pressurized tanker. Plaintiff was standing on top of the tanker and was struck by the metal cap, which caused him to fall twenty feet to the pavement.

Columbia is a manufacturer of residential, architectural, commercial and industrial paint and coatings. It is incorporated in the State of Idaho, and has its primary place of business in the State of Washington. (Declaration of Julie Shiflett ("Shiflett Decl.") at ¶4.) Columbia has not qualified itself to do business in California by registering with the California Secretary of State, and further has no employees, operations, or facilities in California. (Shiflett Decl. at ¶5.) Columbia purchased the particular shipment of bulk latex at issue in this case from Defendant ROHM AND HAAS COMPANY ("Rohm and Haas"), a specialty materials manufacturer that has its headquarters in Philadelphia, Pennsylvania. (Shiflett Decl. at ¶6; **"Exhibit A."**)

Columbia remitted payment for the bulk latex to Rohm and Haas' payment center in Dallas, Texas. (Shiflett Decl. at ¶7; **"Exhibit B."**) Rohm and Haas contracted with Defendant TRIMAC TRANSPORTATION SERVICES (WESTERN) INC. ("Trimac") to deliver the product, and Trimac subsequently employed Plaintiff to drive the tanker to Columbia's warehouse in Spokane, Washington. Columbia is not a party to the freight agreement between Rohm and Haas and Trimac, and at the time of purchase, was not aware that Trimac would be handling the shipment of bulk latex to its Spokane, Washington facility. (Shiflett Decl. at ¶8.)

The incident that forms the basis of Plaintiffs' complaint took place in Spokane, Washington. Thus, the only possible "contact" this case has with California is that Plaintiffs are

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF
SUMMONS
CASE NO. HG-07-314291

10566102.tif - 6/28/2007 11:17:41 AM

1  California residents. However, as discussed below, this contact will not be enough to subject

2  Columbia to suit in California.

3  **II.    ARGUMENT**

4      Columbia, a nonresident defendant, does not have the necessary "minimum contacts" with

5  California to subject it to jurisdiction by the California courts. The due process clause of the U.S.

6  Constitution's Fourteenth Amendment requires that a nonresident defendant have "minimum

7  contacts" with the forum state in order for the state to exercise personal jurisdiction.

8  (*International Shoe Co. v. Washington* (1945) 326 U.S. 310.) California's "long arm statute"

9  expressly states that jurisdiction over parties exists "on any basis not inconsistent with the

10  Constitution of this state or the United States." (CAL. CODE CIV. PROC. section 410.10.)

11      The court in *World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286 held that

12  personal jurisdiction depends on whether the state has a sufficient relationship with the defendant

13  and the litigation to make it reasonable to require it to defend the action in that state. The

14  corporate defendants in that case carried on no activity whatsoever in the forum state and did not

15  "avail themselves" of any privileges or benefits of the forum's laws. Oklahoma's long-arm

16  statute, like that of California, confers jurisdiction to the limits prescribed by the U.S.

17  Constitution. The court found that in the absence of "minimum contacts," Oklahoma's courts

18  could not exercise jurisdiction over defendants consistently with due process.

19      In *Hanson v. Denckla* (1958) 357 U.S. 235, which involved a trust dispute, the U.S.

20  Supreme Court held that Florida did not have personal jurisdiction over a nonresident trustee,

21  despite the fact that the settlor of the trust and most of its appointees and beneficiaries were

22  domiciled in Florida. The defendant trust company had no office or employees in Florida,

23  transacted no business there, and did not hold or administer any trust assets in Florida. "It is

24  essential in each case that there be some act by which the defendant *purposefully avails itself* of

25  the privilege of conducting activities within the forum State, thus invoking the benefits and

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

26      -3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF
SUMMONS
CASE NO. HG-07-314291

1   protections of its laws." (*Id* at 253; emphasis added.)

2      As in *World-Wide Volkswagen, supra* and *Hanson, supra*, Columbia did not act in any

3   manner that could be deemed a "purposeful availment" of the protection and privileges afforded

4   by California's laws. Columbia has no operations, facilities, or employees in California, and is not

5   qualified to do business here. Columbia transacted solely with Rohm and Haas, a Pennsylvania-

6   based company, to purchase the bulk latex at issue and remitted payment for this order to Rohm

7   and Haas' payment center in Dallas, Texas. Columbia had no knowledge or control over the

8   freight agreement between Rohm and Haas and Trimac for delivery of the product, and was not a

9   party to that agreement. Further, the incident itself occurred in the State of Washington, at

10  Columbia's warehouse facility. Thus, California's exercise of personal jurisdiction, in the clear

11  absence of any minimum contacts between Columbia and this State, would be unreasonable and

12  fail to comport with the requirements of due process. Any contacts that Rohm and Haas or Trimac

13  may have with the State of California have no bearing on the issue of whether jurisdiction may be

14  exercised over Columbia. Where a case involves multiple defendants, each defendant's "contacts"

15  with the forum state must be assessed individually. (*Calder v. Jones* (1984) 465 U.S. 783.)

16     Further, Plaintiffs cannot establish "minimum contacts" in the specific context of their

17  products liability claim. The incident occurred in Washington, and no facts have been alleged that

18  Plaintiffs were injured by any defect in Columbia's product. Even if grounds for such a claim

19  exist, the courts have held that where a products-related injury occurs outside the forum state,

20  personal jurisdiction cannot be asserted absent other contacts with the forum. In *Boaz v. Boyle &*

21  *Co., Inc.* (1995) 40 CA 4th 700, a California resident attempted to sue a nonresident corporation

22  for pharmaceutical drug-related injuries sustained in New York. The court granted defendant's

23  motion to quash, stating that California lacked jurisdiction. Defendant's activities in California

24  were limited to targeted mailers to physicians and advertising in national medical journals. It did

25  not maintain any offices, personnel, or representatives in California, and were not licensed to do

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

26                                    -4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF
SUMMONS
CASE NO. HG-07-314291

1   business here.  The alleged injury itself did not occur in California.  Thus, the court found that

2   there was no basis for general or specific personal jurisdiction over the nonresident defendant.

3        The California courts likewise have no jurisdiction over Columbia, an out-of-state

4   defendant with even fewer "contacts" with this State than the defendant in *Boaz, supra.*  Columbia

5   does not maintain offices, personnel, or representatives in California, has not obtained a license to

6   do business here, and further does not send targeted mailers or advertisements into this State.  The

7   injury itself occurred outside this State and is connected to a purchase from a company

8   headquartered in Philadelphia.  At no time has Columbia "purposefully availed" itself of the

9   protection and benefits of California law.  Thus, it cannot be subjected to jurisdiction here.

10                              III.    **CONCLUSION**

11        Based on the foregoing, Columbia's Motion to Quash Service of Process should be

12   granted.

13   DATED:  June 28, 2007              JENKINS GOODMAN NEUMAN &
                                        HAMILTON LLP
14

15
                                       By: _____
16                                        LISA Y. CHO
                                          Attorneys for Defendant
17                                        COLUMBIA PAINT & COATINGS

18   f:\docs\jsg\ali v. trimac (columbia paint)\pleadings\motion to quash svc of summons\motion to quash.mpa.doc

19

20

21

22

23

24

Jenkins Goodman
Neuman & Hamilton
LLP                                    -5-
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF
                                    SUMMONS
                              CASE NO. HG-07-314291

                                                            10566102.tif - 6/28/2007 11:17:41 AM

06/28/07  11:16 FAX 415    411          JENKINS GOODMAN & NEUM.



*5715835*

rco

FILED
ALAMEDA COUNTY

JUN 2 8 2007

CLERK OF THE SUPERIOR COURT

By_____

Deputy

1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   LISA Y. CHO, ESQUIRE - State Bar #240814
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for COLUMBIA PAINT & COATINGS

6

7

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF ALAMEDA

10

11  SHEIK ZAHID ALI and SAFIYA
    ZAYNA ALI,
12                                         Case No. HG-07-314291
                          Plaintiffs,
13                                         DECLARATION OF JULIE SHIFLETT
                                           IN SUPPORT OF DEFENDANT
14  vs.                                    COLUMBIA PAINT & COATINGS'
                                           MOTION TO QUASH SERVICE OF
15  TRIMAC TRANSPORTATION                  SUMMONS
    SERVICES (WESTERN) INC.;
16  COLUMBIA PAINT & COATINGS;             [CCP § 418.10(a)(1)]
    ROHM AND HAAS COMPANY; and
17  DOES 2 to 100,                         Date: July 25, 2007
                                           Time: 9:30 a.m.
18                        Defendants.      Dept.: 30

19        I, JULIE SHIFLETT, declare:

20        1. I am the Chief Financial Officer of COLUMBIA PAINT & COATINGS

21  (hereinafter "Columbia"), one of the defendants in this action, and I have personal

22  knowledge of each fact stated in this declaration.

23        2. Columbia does not submit to this Court's jurisdiction, and provides this

24  declaration as a special appearance for the sole purpose of challenging this Court's

25  personal jurisdiction over Columbia.

26                                   -1-

BY FAX

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco CA
94104
(415) 705-0400

DECLARATION OF JULIE SHIFLETT IN SUPPORT OF DEFENDANT'S MOTION TO QUASH
CASE NO. HG-07-314291

3.  Plaintiffs' Complaint alleges causes of action for general negligence, premises liability, and products liability relating to an incident which took place entirely in the State of Washington.

4.  Columbia is incorporated in the State of Idaho and has its primary place of business in the State of Washington.

5.  Columbia has not qualified itself to do business in California by registering with the California Secretary of State. Columbia has no employees, operations, or facilities in California.

6.  Columbia purchased the bulk latex at issue from Defendant ROHM AND HAAS COMPANY. A true and correct copy of the purchase order for the product is attached hereto as "Exhibit A."

7.  Columbia remitted payment for the bulk latex to Rohm and Haas' payment center in Dallas, Texas. A true and correct copy of the invoice for this order is attached hereto as "Exhibit B."

8.  Columbia had no contractual relationship with Defendant TRIMAC TRANSPORTATION SERVICES (WESTERN) INC. related to the shipment of bulk latex involved in the subject incident, and at the time of purchase was unaware they would be handling the shipment of the bulk latex to its Spokane, Washington facility.

9.  Plaintiffs' Complaint alleges that Plaintiff SHEIK ZAHID ALI sustained injuries when excessive internal pressure caused a cap to blow off the top of a tanker during unloading at Columbia's warehouse facility in Spokane, Washington. Columbia did not and does not own, operate, or maintain the subject tanker.

10. Columbia has not consented and does not consent to jurisdiction in the State of California.

I declare under penalty of perjury under the laws of the State of California that the

-2-

1 │ foregoing is true and correct.

2

3 │ Date: 6/28/07                    _Julie Shiflett_

4 │                                   JULIE SHIFLETT
                                      Chief Financial Officer
5 │                                   Columbia Paint & Coatings

6 │ f:docs\jag\ah v trimac (columbia paint)\decl julie shiflett doc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10° Fl wc
San Francisco CA
94111
(314) 705-010

25

26                              -3-

DECLARATION OF JULIE SHIFLETT IN SUPPORT OF DEFENDANT'S MOTION TO QUASH
CASE NO. HG-07-314291

08/28/07  11:16 FAX 4157    11        JENKINS GOODMAN & NEUMA        ☑015

# EXHIBIT 'A'

☑018

JENKINS GOODMAN & NEUMAN

06/28/07  11:16 FAX 4157C

COPY OF INVOICE MUST ACCOMPANY SHIPMENT / OR SENT DELIVERY ADDRESS

**columbia**
paint & coatings

SEND ORIGINAL INVOICE TO:
COLUMBIA PAINT & COATINGS
P.O. BOX 4569
SPOKANE, WASHINGTON 99220
PHONE 509/535-0854

THIS NUMBER MUST APPEAR ON INVOICES
CASES, BUNDLES, PACKING LISTS,
CORRESPONDENCE

**PURCHASE
ORDER NO.  22717**

VENDOR: ROHM + HAAS

SHIP TO: CPC  Spokane

| PHONE | | | | ORDERED FROM: | | |
|---|---|---|---|---|---|---|
| ISSUED BY | DATE 7/12/06 | SHIPPING DATE | SHIP VIA | | PREPAID COLLECT | TERMS |

| ORDERED | REC'D | DESCRIPTION | | UNIT PRICE | ACCOUNT NUMBER | TOTAL |
|---|---|---|---|---|---|---|
| 44643.65 | ✓ | Rovace 9900 | RLV-1615 | .595 | 1.25-400-1315 | 26562.97 |

RECEIVED
JUL 25 2006
COLUMBIA PAINT & COATINGS

7/19

MT N/A, ID 122735-45-1-1, WA 601 129 072, ND 78709, WY 24-T-1983, SD 535-21509-2, UT 89018, AK 33843, OR N/A, WYOMING 24-T-1983

| INVOICE # | FOR CUSTOMER | VENDOR INVOICE # | DATE ORDER RECEIVED 7/19/06 | FOR STOCK ✓ |
|---|---|---|---|---|
| PREPAID | ADDRESS | | RECEIVING CLERK | CREDIT |

ACKNOWLEDGE THIS ORDER IMMEDIATELY.
NO CHARGES ALLOWED FOR BOXING, CRATING OR PACKING.
GOODS SUBJECT TO OUR INSPECTION ON ARRIVAL, NOTWITHSTANDING PRIOR PAYMENT TO
OBTAIN CASH DISCOUNT.
GOODS REJECTED ON ACCOUNT OF INFERIOR QUALITY OR WORKMANSHIP WILL BE RETURNED
TO YOU WITH CHARGE FOR TRANSPORTATION BOTH WAYS PLUS LABOR RELOADING, TRUCKING, ETC.,
AND ARE NOT TO BE REPLACED EXCEPT UPON WRITTEN INSTRUCTIONS FROM US.

PURCHASING AGENT

SPOKANE
STORE

RECEIVING COPY

# EXHIBIT "B"

Invoice # 0902774070



**ROHM AND HAAS COMPANY**
100 INDEPENDENCE MALL WEST
PHILADELPHIA, PA 19106-2399 USA

Invoice Date: 7/18/2006

Remit To:
WACHOVIA
P.O. BOX 951665
DALLAS, TX 753951665



189986

| INVOICE # | 0902774070 |
|---|---|
| DATE | 07/18/2006 |
| BILL TO # | |
| SHIP TO # | |
| PO# | 22717 |

Bill To:
COLUMBIA PAINT CO
N 112 HAVEN
SPOKANE, WA 99202

Ship To:
COLUMBIA PAINT CO
N 112 HAVEN
SPOKANE, WA 99202

| PAYMENT TERMS | SHIP DATE | SHIPPING POINT | FOB |
|---|---|---|---|
| UP TO 09/07/2006 YOU RECEIVE 1.000 % DISCOUNT, PAY TO 09/01/2006 WITHOUT DEDUCTI | 07/17/2006 | | |

| ITEM | PRODUCT / DESCRIPTION | MATERIAL # | CUSTOMER MTL # | QUANTITY | UOM | PRICE | AMOUNT - USD ($) |
|---|---|---|---|---|---|---|---|
| 1.00 | ROVACE 9900/BULK | | 000000000010081116 | 44,843.54 | LB | 0.5820 | $26,116.53 |
| | | | | | | SUBTOTAL | $26,116.53 |
| | | | | | | TAX RATE | |
| | | | | | | SALES TAX | |
| | | | | | | SHIPPING & HANDLING | |
| | | | | | | TOTAL | $26,116.53 |

Generated: 7/18/2006 9:41:41 AM

Page 1 of 2

08/28/07  11:18 FAX 415  411    JENKINS GOODMAN & NEUM.

*5715831*

1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   LISA Y. CHO, ESQUIRE - State Bar #240814
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for Defendant
   COLUMBIA PAINT & COATINGS
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  SHEIK ZAHID ALI and SAFIYA
    ZAYNA ALI,                              Case No. HG-07-314291
12
                          Plaintiffs,       [PROPOSED] ORDER RE: DEFENDANT
13                                          COLUMBIA PAINT AND COATINGS'
    vs.                                     MOTION TO QUASH SERVICE OF
14                                          SUMMONS
    TRIMAC TRANSPORTATION
15  SERVICES (WESTERN) INC.;               [CCP § 418.10(a)(1)]    BY FAX
    COLUMBIA PAINT & COATINGS;
16  ROHM AND HAAS COMPANY; and
    DOES 2 to 100,
17                                          Date: July 25, 2007
                          Defendants.       Time: 9:30 a.m.
18                                          Dept: 30

19

20          The motion of Defendant COLUMBIA PAINT AND COATINGS ("Defendant") for an

21  order quashing service of summons came on regularly for hearing in Department 30 of this Court

22  on July 25, 2007. Joshua S. Goodman, Esq. appeared on behalf of Defendant, appearing specially

23  herein. Robert Desky, Esq. appeared on behalf of Plaintiffs SHEIK ZAHID ALI and SAFIYA

24  ZAYNA ALI ("Plaintiffs").

25  ///

26                                      -1-

[PROPOSED] ORDER RE: DEFENDANT COLUMBIA PAINT AND COATINGS' MOTION TO QUASH
SERVICE OF SUMMONS
CASE NO. HG-07-314291

RECEIVED
JUN 2 8 2007

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

10566102.tif - 6/28/2007 11.17.41.AM

1    Having read the motion, the points and authorities and declarations filed by the parties, and

2  having heard argument of counsel, this Court finds there is no constitutionally sufficient basis for

3  the State of California to exercise jurisdiction over the person of Defendant.

4    **THEREFORE, IT IS ORDERED THAT** Defendant's motion to quash is granted, and

5  service of the summons upon Defendant is quashed.

6

7  DATED: _____

                                        JUDGE OF THE SUPERIOR COURT

8

9

  f:\docs\jsg\ali v. trimac (columbia paint)\pleadings\motion to quash svc of summons\proposed order.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

25

26                                        -2-

[PROPOSED] ORDER RE: DEFENDANT COLUMBIA PAINT AND COATINGS' MOTION TO QUASH
SERVICE OF SUMMONS
CASE NO. HG-07-314291

10566102.tif - 6/28/2007 11:17:41 AM

1                              **PROOF OF SERVICE**

2   **CASE NAME:** *Ali v. Trimac, et al.*
    **CASE NUMBER:** HG07-314291
3   **DATE OF SERVICE:** June 28, 2007
    **DESCRIPTION OF DOCUMENTS SERVED:**
4
        NOTICE OT MOTION AND MOTION TO QUASH SERVICE OF
5       SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES IN
        SUPPORT OF DEFENDANT COLUMBIA PAINT AND COATINGS'
6       MOTION TO QUASH SERVICE OF SUMMONS; DECLARATION
        OF JULIE SHIFLETT IN SUPPORT THEREOF; [PROPOSED]
7       ORDER RE: DEFENDANT COLUMBIA PAINT AND COATINGS
        MOTION TO QUASH SERVICE OF SUMMONS
8
    **SERVED ON THE FOLLOWING:**
9
    Robert M. Desky, Esq.
10  Anderlini, Finkelstein, Emerick & Smoot
    400 South El Camino Real, Suite 700
11  San Mateo, CA  94402

12  Christopher F. Johnson, Esq.
    Maranga Morgenstern
13  88 Kearny Street, Suite 1475
    San Francisco, CA  94108
14
    Audrey C. Friedel, Esq.
15  Rohm and Haas Company
    100 Independence Mall West
16  Philadelphia, PA  19106

17      I am over the age of 18 years and not a party to or interested in the above-named
    case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business
18  address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date
    stated above, I served a true copy of the document(s) described above, by messenger, by
19  placing said document(s) in an envelope addressed as shown above, and dispatching a
    messenger from my place of business with instructions to personally deliver said
20  document(s) during normal business hours to the address(es) shown above by leaving said
    document(s) with an authorized representative of the office, or with a family member over
21  the age of 18 at the residence.
        I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct and that this declaration was executed on the date stated
    above.
23

24
                                            *N. Sands*
25                                          Nikki Sands

26  f:\docs\jsg\ali v. trimac (columbia pamt)\pleadings\pos.doc

                                    -1-
                         PROOF OF SERVICE

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400


*5441729*

1   MERRILL G. EMERICK, ESQ. (SBN 117248)
    ROBERT M. DESKY, ESQ. (SBN 22977)
2   ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
    400 South El Camino Real Suite 700
3   San Mateo, California 94402
    Telephone (650) 348-0102                    F I L E D
4   Facsimile (650) 348-0962                    Al  ......
5
                                                JUL 1 2 2007
6   Attorneys for Plaintiffs
    SHEIK ZAHID ALI and SAFIYA ZAYNA ALI                              T
7                                               By
8                                                             ......
9
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                IN AND FOR THE COUNTY OF ALAMEDA – HAYWARD BRANCH
11
12
13  SHEIK ZAHID ALI and SAFIYA ZAYNA  )     Case No.: HG-07-314291
14  ALI,                             )
                                     )     PLAINTIFFS' MEMORANDUM OF
15          Plaintiffs,              )     POINTS AND AUTHORITIES IN
                                     )     OPPOSITION TO MOTION OF
16  vs.                              )     DEFENDANT COLUMBIA PAINT &
                                     )     COATINGS TO QUASH SERVICE OF
17                                   )     SUMMONS
    TRIMAC TRANSPORTATION SERVICES   )     (CCP §418.10(a)(1)
18  (WESTERN), INC.; COLUMBIA PAINT &  )
    COATINGS and DOES 1 to 100,      )
19                                   )     Date:       July 25, 2007
20          Defendants.              )     Time:       9:30 a.m.
                                     )     Dept.       30      BY FAX
21                                   )
                                     )     Trial Date: None set
22                                   )
23  _____  )
                                    I.
24
25                              **INTRODUCTION**
26      Defendant COLUMBIA PAINT & COATINGS' ("COLUMBIA") motion to quash service
27  of the Complaint of Plaintiffs SHEIK ZAHID ALI and his wife, SAFIYA ZAYNA ALI filed and
28

                                    - 1 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT &
COATINGS TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

                                    10566651.tif - 7/12/2007 12:07:51 PM

1  served as a result of a serious industrial injury occurring on COLUMBIA's property in Spokane,

2  Washington should be denied. There were sufficient events and activities that occurred in the State

3
4  of California and affect this state and its residents as alleged in the Complaint and reinforced by the

5  Declarations in support of this Opposition by Plaintiff SHEIK ZAHID ALI and a driver and

6  contractor familiar with the COLUMBIA deliveries, Iftikar Ali to bestow jurisdiction in this state

7  under California long arm statute. Code of Civil Procedure Section 410.10 authorizes California

8  courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of

9
10  the United States." Section 410.10 is more than sufficient to require COLUMBIA to defend this

11  case in California. It involves the vital interests – indeed the future health, livelihood and

12  economic solvency of a California resident injured at COLUMBIA's terminal. This case involves

13  the delivery of a California product to COLUMBIA. This case involves transporting that product

14  over California highways by a California citizen. This purchase, transportation and delivery was

15  not an isolated incident, but a pattern of conduct.

16

17                                              II.

18                                    **OPERATIVE FACTS**

19        Plaintiff SHEIK ZAHID ALI was employed by the owner of a truck tractor, Intaz Ali. Intaz

20  Ali had contracted with TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.

21
22  ("TRIMAC") to deliver bulk latex paint by hauling TRIMAC trailers. Among the regular

23  customers and destinations for such deliveries was the COLUMBIA terminal and factory located in

24  Spokane, Washington.

25        The operative facts are set forth in the appended Declaration of Plaintiff SHEIK ZAHID

26  ALI and another driver of a truck trailer and later owner of the same, Iftikar Ali. Succinctly stated,

27
28  Plaintiff took delivery from Defendant ROHM AND HAAS COMPANY at its plant in Los

                                              - 2 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT &
COATINGS TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

10566651.tif - 7/12/2007 12:07.51 PM

1    Angeles County a full load of bulk latex paint for delivery to Spokane, Washington. This was done

2    as a result of an order placed by COLUMBIA. This order directed the pick up and delivery of the

3    bulk latex paint.

4
5        Plaintiff SHEIK ZAHID ALI had been assigned the task by TRIMAC

6    TRANSPORTATION SERVICES (WESTERN), INC., which dealt with the owner of the tractor,

7    Intaz Ali, to transport the bulk latex paint from the Los Angeles area to Spokane, Washington. The

8    assignment was made by dispatchers out of the Hayward terminal operated by TRIMAC

9
     TRANSPORTATION SERVICES (WESTERN), INC. The shipment that resulted in the accident
10
11   was the second such shipment handled by Plaintiff SHEIK ZAHID ALI.

12       After traversing Central and Northern California and the State of Oregon, on the morning of

13   July 19, 2006 SHEIK ZAHID ALI arrived at the COLUMBIA terminal in Spokane. Typically and

14   in this case, the bulk latex paint is unloaded under high pressure with the use of COLUMBIA
15
     pumping equipment at facilities owned, controlled and operated by COLUMBIA. Approximately
16
17   15 to 20 minutes into the unloading operation in which the bulk latex is pumped out of the tanker

18   trailer into the COLUMBIA plant, a cap blew off the top of the trailer tanker and projected SHEIK

19   ZAHID ALI off the top of the trailer. He fell approximately 18 feet down onto the concrete

20   pavement. He sustained serious injuries. He was in a coma for several days at the Deaconess
21
     Medical Center in Spokane. He underwent an emergency operation for skull fracture, for other
22
23   fractures and injuries to his head and other parts of his body. He was under intensive care and

24   placed under a regimen of life support care that resulted in saving his life. Subsequently removed

25   back to his home in Hayward, California he is undergoing further medical treatment. He is unable

26   to sleep normally, unable to walk normally, unable to drive a car and unable to be gainfully
27

28

- 3 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT &
COATINGS TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

10566651.fif - 7/12/2007 12:07:51 PM

1  employed. He requires the care and assistance from his wife, who left full-time employment to

2  care for him.

3      The events that occurred at the COLUMBIA plant in Spokane, Washington have had

4

5  profound and severe effects within this state.

6                       **III.**

7           **APPLICABL STATUTORY LAW**

8      The governing statute in California as previously stated is Code of Civil Procedure Section

9

10  410.10:

11      A court of this state may exercise jurisdiction on any basis not inconsistent with the
Constitution of this state or of the United States.

12

13      The long arm operation of Section 410.10 is clearly confirmed by the Judicial Council

14  comments appended to the statute when it was enacted in 1969:

15      Section 410.10 permits California courts to exercise judicial jurisdiction on any
basis not inconsistent with the state or federal Constitutions. This authorization

16      continues the California law on jurisdiction over foreign corporations and re-
establishes the prior law that once governed non resident individuals.

17

18      All the recognized basis of judicial jurisdiction are included...

19      In the case of corporations and unincorporated associations (including partnerships),
such bases currently include incorporation or organization in a state, consent,

20      appointment of an agent, appearance, doing business in a state, doing an act in a

21      state, causing an effect in a state by an act or omission elsewhere, ownership, use or
possession of a thing in a state, or other relationships to a state...(Emphasis added.)

22

23      Stated as plainly as possible, it is the position of SHEIK ZAHID ALI and his wife, SAFIYA

24  ZAYNA ALI that the acts of COLUMBIA PAINT & COATINGS in ordering bulk latex paint to

25  be transported in a tanker from California where it was produced to Washington, by receiving such

26  shipment through a tractor hauling a tanker originating in California and in utilizing and inviting

27

28  California citizens to unload COLUMBIA's paint under unsafe conditions in the COLUMBIA

-4-

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT &
COATINGS TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1)

10566651.tif - 7/12/2007 12:07:51 PM

1 terminal, are all significant events and acts causing and affecting the State of California. These

2 serious effects in California were caused by inviting Californians to transport California

3 commodities over California highways, using California based tractors and trailers to another state,

4
5 to participate in an unsafe unloading and resulting in serious injury. These circumstances establish

6 the necessary basis for the assertion of jurisdiction by California courts.

7 **IV.**

8 **APPLICABLE CASE LAW**

9
10 In Cornelison v. Chaney (1976) 16 Cal.3d 143, the California Supreme Court addressed the

11 question whether a widow of a California resident killed in a highway collision with defendant's

12 truck in Nevada, could file suit and maintain jurisdiction in California. Overruling the granting of a

13 motion to quash by the trial court, the California Supreme Court held the State's exercise of

14 jurisdiction "reasonable" under the circumstances. The proper exercise of California jurisdiction

15 could be upheld even if the specific cause of action did not directly connect with the defendant's

16
17 business relationship to the California forum.

18 In assessing the relationship between the defendant's activities in California, and plaintiff's

19 cause of action, the Cornelison court, after holding that general business relationships were

20 insufficient, nevertheless held that a continuous course of conduct that brought the defendant into

21 the state almost twice a month for 7 years as a trucker under a California license was sufficient to

22 sustain California jurisdiction. The accident arose out of the driving of the truck – in this case the

23 equivalent to pumping out bulk latex paint in Spokane – the very activity that was the focal point of

24 the accident. This was sufficient to establish a necessary nexus under the long arm statute. The

25 court held that rigid tests would be rejected under such circumstances.

26
27
28

5

1   Significantly, the Cornelison court observed that the defendant in that case was bringing

2   goods into California for a local manufacturer and intended to receive merchandise for delivery

3   elsewhere. The factor of interstate delivery on a sufficient basis to establish a connection to

4   California was held to be a valid and sustainable basis for invoking the state's jurisdiction and

5   rejecting the motion to quash.

6       In Ratcliffe v. Pedersen (1975) 51 Cal.App.3d 89, the court stated that when testing to

7   determine whether minimum contacts were enough:

8       "One test is to ascertain whether the economic activity put in motion the events

9       which ultimately gave rise to appellant's cause of action. Under this test, the
        cause of action is 'sufficiently connected' with the defendant's forum-related

10      activity whenever there is a causal connection between the two in the sense that
        the cause of action would not have arisen except for the economic activity."

11

12  Id. at pages 95-96. Framing the economic activity as providing for the delivery out of California

13  using a California product and California personnel of bulk latex paint products to the defendant's

14  plant is requisite economic activity to justify the imposition of state jurisdiction.

15      In State of Oregon v. Superior Court (1994) 24 Cal.App.4[th] 1550, the Court of Appeal

16  observed that "the due process clause of the United States Constitution permits personal

17
    jurisdiction over a party in any state in which the party has "certain minimum contacts...such that
18
19  the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"

20  Id. at 1556. In that case a high school athlete, who was a basketball star was recruited from

21  California by the Oregon Athletic Department; even though he had had a slight stroke, was assured

22
    preferred medical treatment and top quality medical care as well as advice for medial problems.
23
24  Unfortunately, on a trip to California he suffered a stroke after a basketball game and died three

25  days later. The recruitment of athletes by out-of-state colleges was a reasonable basis to subject the

26  State of Oregon to the jurisdiction of California. There was a "sufficient nexus" between the forum

27

28

6

1    related activities, i.e., the solicitation and recruitment in California and the athlete's wrongful death

2    that it was fair and reasonable for California to assert jurisdiction.

3    Other cases support the court exercising jurisdiction over COLUMBIA. In Mansour v.

4
5    Superior Court (1995) 38 Cal.App.4th 1750 the court held that a state can exert jurisdiction over a

6    non-resident who commits an act elsewhere where it causes an effect in the forum state. In Dorel

7    Industries, Inc. v. Superior Court (2005) 134 Cal.App.4th 1267, 1274 a consideration in upholding

8    the jurisdiction of the forum was the ability to have all potentially liable defendants appear in the

9
10    same forum in California. This would allow for the "most efficient resolution of plaintiff's claims

11    and avoid the risk of inconsistent judgments attendant to pursuing multiple proceedings in different

12    forums." The court also noted that there was nothing in the record regarding any adverse effect of

13    the litigation on the procedural or substantive policies of the other jurisdiction, in that case, Canada

14    – in this case – the State of Washington. Id. at 1281.

15
16    Benefit Association International, Inc. v. Superior Court (1996) 46 Cal.App.4th 827 raises

17    an important question whether the non-resident defendant purposely availed itself of the benefits of

18    an economic market in the forum state. The court defined "purposeful availment" as meaning an

19    action of the defendant directed toward the forum state. It held that such purposeful availment

20    could be established even if the non-resident defendant maintained no office, property or

21
22    employees in the forum state. As the court noted,

23        A non-resident defendant who has purposely directed its activities toward the
         forum state may not defeat personal jurisdiction absent compelling evidence that
24        jurisdiction would be unreasonable.

25    Id. at 832.

26    In this case COLUMBIA availed itself of the benefits of the purchase of latex paint in bulk

27
28    in California, enjoying the benefits of an economic market for such purchases and the availability

7

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT &
COATINGS TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

10566651.tif - 7/12/2007 12:07:51 PM

1   of local transportation and personnel to effect delivery of the product selected. Under <u>Benefit</u> such

2   a defendant may subject itself to the state's personal jurisdiction even without any actual physical

3   presence within the state in the absence of any compelling evidence that the exercise of jurisdiction

4

5   by California would be unreasonable under the circumstances.

6

## V.

## CONCLUSION

8   Inasmuch as COLUMBIA's Motion is predicated entirely upon the unsupported assertion

9

10   that it has no offices or personnel in California and that no activities occurred in California, the

11   position of COLUMBIA must be rejected. COLUMBIA was purchasing latex paint in bulk out of

12   Southern California, was using California based, directed and operated means of transportation,

13   had the commodity transported by California residents to the State of Washington and subjected

14   them to the risks of COLUMBIA's Spokane terminal, which caused the devastating injuries

15

16   suffered by the Plaintiff in this case. COLUMBIA clearly belongs "in the dock" before this Court.

17        Plaintiffs SHEIK ZAHID ALI and SAFIYA ZAYNA ALI respectfully request that this

18   Court sustain the jurisdiction of the California courts and allow the action to proceed against

19   COLUMBIA PAINT & COATINGS by denial of the present motion to quash.

20   DATED: July 12, 2007

21

22                        ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

23

24

25               By:_____

26                     MERRILL G. EMERICK, Attorneys for Plaintiffs
                           SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

27

28

8

1   Case Name:   Sheik Zahid Ali and Safiya Zayna Ali v. Trimac Corporation, et al.

2   Court:   Alameda County Superior Court
    Case No.:   HG-07-314291

3                               **PROOF OF SERVICE**

4       I declare that:

5       I am a resident of the County of San Mateo and am over the age of eighteen years and not

6   a party to the within entitled action; my business address is 400 So. El Camino Real Suite 700, San Mateo, California 94402.

7

8       On the date below, I caused to be served the attached:

9       PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
      OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT & COATINGS

10       TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1)

11

| | |
|---|---|
| Joshua S. Goodman, Esq. | Christopher F. Johnson, Esq. |
| Lisa Y. Cho, Esq. | MARANGA MORGENSTERN |
| JENKINS GOODMAN NEUMAN & | 88 Kearny Street, Suite 1475 |
| HAMILTON LLP | San Francisco, California 94108 |
| 417 Montgomery Street, 10th Floor | Telephone: (415) 248-5315 |
| San Francisco, California 94104 | Facsimile: (415) 248-5314 |
| Telephone: (415) 705-0400 | **Attorneys for Defendants TRIMAC** |
| Facsimile: (415) 705-0411 | **TRANSPORTATION SERVICES, INC.** |
| **Attorneys for Defendant COLUMBIA** | **and ROHM AND HAAS COMPANY** |
| **PAINT & COATINGS** | |

18   on the party(ies) below in said action:

19   [ ]   **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope, following

20   ordinary business practices, for deposit with the United States Postal Service at my place of business as set forth above, addressed to the person(s) listed above. I am readily familiar

21   with this business practice for collection and processing of correspondence for mailing within the United States Postal Service. In the ordinary course of business, such

22   correspondence would be deposited with the United States Postal Service that same day.

23   [ ]   **BY FACSIMILE:** I caused a copy of such document(s) to be sent via FACSIMILE

24   Number(s):

25   [ ]   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand **VIA**

26   _____ to the offices(s) of the addressee(s) as indicated above.

27   [XX]   **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered to Federal Express for

28   overnight courier service to the office(s) of the above addressee(s).

                                9

1       I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct and that this declaration was executed on July 12, 2007, at San Mateo, California.

3

4                                    JANET F. JENNINGS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            10

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION OF DEFENDANT COLUMBIA PAINT
& COATINGS TO QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

10566651 tif - 7/12/2007 12:07:51 PM

07/12/2007 12:07 FAX 65___80962    ANDERLINI    

1　MERRILL G. EMERICK, ESQ. (SBN 117248)
　ROBERT M. DESKY, ESQ. (SBN 22977)
2　**ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
　400 South El Camino Real Suite 700
3　San Mateo, California 94402
4　Telephone (650) 348-0102
　Facsimile (650) 348-0962
5
6　Attorneys for Plaintiffs
　SHEIK ZAHID ALI and SAFIYA ZAYNA ALI
7

8

9

10　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

11　　　IN AND FOR THE COUNTY OF ALAMEDA – HAYWARD BRANCH

12

13
　SHEIK ZAHID ALI and SAFIYA ZAYNA　)　Case No.: HG-07-314291
14　ALI,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
15　　　　　　　Plaintiffs,　　　　　　　)　DECLARATION OF SHEIK ZAHID ALI
　　　　　　　　　　　　　　　　　　　)　IN OPPOSITION OF MOTION BY
16　vs.　　　　　　　　　　　　　　　　)　DEFENDANT COLUMBIA PAINT &
　　　　　　　　　　　　　　　　　　　)　COATINGS TO QUASH SERVICE OF
17　　　　　　　　　　　　　　　　　　)　SUMMONS (CCP §418.10(a)(1)
　TRIMAC TRANSPORTATION SERVICES　)
18　(WESTERN), INC.; COLUMBIA PAINT &　)　Date:　　　July 25, 2007
　COATINGS and DOES 1 to 100,　　　　)　Time:　　　9:30 a.m.
19　　　　　　　　　　　　　　　　　　)　Dept.　　　30
20　　　　　　　Defendants.　　　　　　)

21

22　　　　I, SHEIK ZAHID ALI, declare:　　　　　**BY FAX**

23　　　1.　　The following matters and each of them are stated of my own personal knowledge

24　except as to those matters stated on information and belief and as to such matters I believe them to

25　be true.

26

27

28

　　　　　　　　　　　　　　　　　- 1 -

2.    I am a resident of the State of California and of the City of Hayward where I currently reside at 390 Industrial Parkway, #10, Hayward, California 94544. I am one of the Plaintiffs in the above-entitled action along with my wife, SAFIYA ZAYNA ALI.

3.    I am currently unemployed because I cannot work due to multiple skull fractures and continuing medical conditions and procedures resulting from being projected off of the top of a tanker carrying bulk latex paint which was unloaded under pressure at Defendant and moving party COLUMBIA PAINT & COATINGS' terminal and plant at Spokane, Washington. This accident occurred July 19, 2006.

4.    I am unable to engage in any kind of gainful activity, drive a car or even go to medical treatments or to other locations outside my home without the assistance of my wife. She stayed home from work 6 months.

5.    After I became interested in becoming a tractor-trailer driver, hauling tankers, I was given the opportunity to familiarize myself with tractor trailer operation in connection with TRIMAC TRANSPORTATION SERVICE'S ("TRIMAC") hauling operations and did so during several weeks when I accompanied one Iftikar Ali without pay on deliveries he made within the Western Region of the United States. I have filed an application with TRIMAC at Iftikar Ali's suggestion. It was understood that I would be working not for TRIMAC but as an employee of a subcontractor by the name of Intaz Ali who owned a tractor which he used for hauling TRIMAC tankers under contract with TRIMAC. Two or three days later I went in for an interview and learned that I would be able to drive on TRIMAC deliveries.

6.    Two days later I was told that I would have 3 days training by TRIMAC which took place from 8:00 a.m. to 5:00 p.m. After completing training I began to drive a tractor hauling a TRIMAC trailer containing bulk loads on areas within California which included one prior trip

- 2 -

DECLARATION OF SHEIK ZAHID ALI IN OPPOSITION OF
MOTION BY DEFENDANT COLUMBIA PAINT & COATINGS TO
QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

10566651.tif - 7/12/2007 12:07:51 PM

1    where I took a load of bulk latex paint between July 5 and July 7, 2006 to the COLUMBIA PAINT

2    & COATING's plant and terminal in Spokane, Washington. As set forth in the accompanying

3    Declaration of Iftikar Ali, the COLUMBIA plant at Spokane was a regular repeat delivery

4    destination for truckers hauling TRIMAC trailers containing bulk latex, particularly drivers

5    residing in California who were regularly dispatched by the TRIMAC terminal in Hayward,

6

7    California to destinations including COLUMBIA's Spokane terminal.

8        7.      During these jobs I continued to work as a subcontractor for Intaz Ali who owned

9    the tractor until the third week in July of 2006 when I was driver of the truck tractor hauling a
10
11   TRIMAC tanker with bulk latex paint which I had picked up in Los Angeles County at the plant of

12   ROHM AND HAAS COMPANY at LaMirada which was the paint manufacturer from whom

13   COLUMBIA ordered the paint. On this delivery I hauled a different tanker and a much older

14   model than the one that I had previously hauled and delivered the entire load that I hauled on that

15   occasion to the Spokane plant.
16

17       8.      From my own schedule as well as from the information I received, the Spokane

18   plant was a regular repeat destination for loads driven by drivers dispatched from the TRIMAC

19   terminal in Hayward, California and such deliveries occurred on a regular basis during this period.

20       9.      On July 19, 2006 when I was again the driver of a truck-tractor hauling a TRIMAC
21
22   tanker, I hauled the bulk load originally picked up ROHM AND HAAS COMPANY up to

23   COLUMBIA's Spokane plant directly as the assigned driver by a direct transportation route

24   through California and Oregon as a single product load for delivery to COLUMBIA.

25       10.     After being held overnight in order to do a morning delivery, the tanker was hooked
26
     up to pumping equipment owned and operated by the COLUMBIA plant. The COLUMBIA
27
28   equipment operated by pumping out the contents of the TRIMAC tanker under high pressure

-3-

DECLARATION OF SHEIK ZAHID ALI IN OPPOSITION OF
MOTION BY DEFENDANT COLUMBIA PAINT & COATINGS TO
QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))                          10566651.tif - 7/12/2007 12:07:51 PM

1    utilizing the COLUMBIA equipment under COLUMBIA's supervision. The excess air pressure

2    utilized to pump out the bulk latex from the tanker and transfer its content in the COLUMBIA plant

3    resulted in a cap being blown off the top of the tanker when I was up there on a necessary

4    inspection to check for air leaks with such force that it knocked me off the top of the tanker

5

6    approximately 18 feet to the concrete surface and loading dock.

7        11.    I do not remember the details of the occurrence at the time due to serious head

8    injuries which were reported along with the circumstances of the accident in the records of the

9    Deaconess Medical Center in Spokane, Washington. A copy of an extract from the Deaconess

10

11   medical report is attached to and incorporated in this Declaration as Exhibit "A".

12       12.    Despite the unloading of the tanker under high pressure, there is no COLUMBIA

13   personnel present or available to assist the unloading operation and the triggering of the events

14   which caused the accident injuring me was due to the use of the pumping equipment totally owned

15   and operated by COLUMBIA which I believe was a substantial contributing factor causing this

16

17   accident and my injuries.

18       13.    I believe that the routing of both California drivers and products loaded in California

19   pursuant to orders from COLUMBIA PAINT & COATINGS were not only the arrangements made

20   by COLUMBIA PAINT & COATINGS but were material factors in connection with my presence

21

22   and the presence of the bulk latex load which when it was down-loaded under pressure at the

23   Spokane plant by COLUMBIA PAINT & COATINGS, resulting in the severe injuries which are

24   the subject of my Complaint and that of my wife in the present lawsuit.

25       I declare under penalty of perjury under the laws of the State of California that the

26

27

28

- 4 -

DECLARATION OF SHEIK ZAHID ALI IN OPPOSITION OF
MOTION BY DEFENDANT COLUMBIA PAINT & COATINGS TO
QUASH SERVICE OF SUMMONS (CCP §418.10(a)(1))

10566651.tif - 7/12/2007 12:07:51 PM

1   foregoing is true and correct. Executed at ____ _San Mateo____ , California on July __10__, 2007.

2

3   _____

4                    SHEIK ZAHID ALI

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

07/12/2007 12:07 FAX 650   0962   ANDERLINI      ☑018

# EXHIBIT "A"

# EXHIBIT "A"

PATIENT NAME: ALI, SHEIK ZAHID         ADMIT DATE: 07/19/06

DATE OF CONSULTATION:   07/25/2006

REFERRING PHYSICIAN:   Kathleen L. Meyer, MD

FILE COPY

REASON FOR CONSULTATION: Evaluation for rehabilitation.

HISTORY OF PRESENT ILLNESS: This 36-year-old gentleman was found unconscious beside a tractor trailer on which was working, after apparently having an unwitnessed 15 to 18 foot fall. He was admitted to Deaconess Medical Center with multiple skull fractures, including a basilar skull fracture and an extra-axial hematoma on July 19, 2006. He underwent an emergent right frontal craniotomy for evacuation of the hematoma by Dr. Meyer.

PAST MEDICAL AND SURGICAL HISTORY: Negative. He has been healthy.

PRE-HOSPITAL MEDICATIONS: Multivitamin daily.

ALLERGIES: No known allergies.

HOSPITAL MEDICATIONS:
1. Ferrous sulfate 300 mg p.o. b.i.d.
2. Hydrocodone/N acetyl-para-aminophenol 5 mg/500, one tablet q.4h. p.r.n. pain.
3. Famotidine 20 mg p.o. b.i.d.
4. Potassium 20 mEq b.i.d. (today).
5. Furosemide 10 mg IV (today).

SOCIAL HISTORY: He is married and resides with his wife and 3-year-old daughter in Hayward, California. They live in an apartment with approximately 12 steps, with a railing that is between the main living area and the bedroom/bathroom. His occupation is truck driver. He denies alcohol, tobacco, or recreational drug use. His premorbid functional status was total independence with ambulation and with activities of daily living. His wife is available to assist on discharge.

FAMILY HISTORY: His mother is deceased; she had diabetes mellitus. His father is deceased; he had cancer.

REVIEW OF SYSTEMS:
CONSTITUTIONAL: Denies recent febrile illness.
HEENT: He has a frontal headache and dizziness when he is up. He has noticed blurred vision and decreased visual acuity since the injury. He has no diplopia or hearing loss. He had some epistaxis, not recently.
PULMONARY: He has a cough. Denies dyspnea.
CARDIAC: He denies chest pain, heart palpitations, or edema.
GASTROINTESTINAL: He denies acid reflux, abdominal pain, dysphagia, nausea, vomiting, diarrhea, or constipation.

| PATIENT: ALI, SHEIK ZAHID | | | D909-1 |
|---|---|---|---|
| DOB: 08/21/69 | SVC DT: 07/19/06 | | |
| ACCT: D22407449 | MED REC#: D000719182  ADM IN | | CONSULTATION REPORT |
| CC Kathleen L Meyer | | REP: 0726-0033 | DEACONESS MEDICAL CENTER |
| Dict: Rita L Warner, PAC | | Y | SPOKANE, WASHINGTON |
| Attnd: Karen A Stanek, MD | | N | |

THIS REPORT IS CONFIDENTIAL AND NOT TO BE RELEASED WITHOUT PROPER AUTHORIZATION.

No-31407

000002                                    10566651.tif - 7/12/2007 12:07:51 PM

1    Case Name:    Sheik Zahid Ali and Safiya Zayna Ali v. Trimac Corporation, et al.
     Court:    Alameda County Superior Court
2    Case No.:    HG-07-314291

3                                    **PROOF OF SERVICE**

4            I declare that:

5            I am a resident of the County of San Mateo and am over the age of eighteen years and not
6    a party to the within entitled action; my business address is 400 So. El Camino Real Suite 700,
     San Mateo, California 94402.
7
            On the date below, I caused to be served the attached:
8

9            DECLARATION OF SHEIK ZAHID ALI IN OPPOSITION OF MOTION BY
             DEFENDANT COLUMBIA PAINT & COATINGS TO QUASH SERVICE OF
10           SUMMONS (CCP §418.10(a)(1)

11   Joshua S. Goodman, Esq.                        Christopher F. Johnson, Esq.
12   Lisa Y. Cho, Esq.                              MARANGA MORGENSTERN
     JENKINS GOODMAN NEUMAN &                       88 Kearny Street, Suite 1475
13   HAMILTON LLP                                   San Francisco, California 94108
     417 Montgomery Street, 10th Floor             Telephone: (415) 248-5315
14   San Francisco, California 94104                Facsimile: (415) 248-5314
15   Telephone: (415) 705-0400                      **Attorneys for Defendants TRIMAC**
     Facsimile: (415) 705-0411                      **TRANSPORTATION SERVICES, INC.**
16   **Attorneys for Defendant COLUMBIA**           **and ROHM AND HAAS COMPANY**
17   **PAINT & COATINGS**

18   on the party(ies) below in said action:

19   [ ]    **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope, following
20          ordinary business practices, for deposit with the United States Postal Service at my place of
            business as set forth above, addressed to the person(s) listed above. I am readily familiar
21          with this business practice for collection and processing of correspondence for mailing
            within the United States Postal Service.  In the ordinary course of business, such
22          correspondence would be deposited with the United States Postal Service that same day.

23   [ ]    **BY FACSIMILE:** I caused a copy of such document(s) to be sent via FACSIMILE
24          Number(s):

25   [ ]    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand **VIA**
26          _____ to the offices(s) of the addressee(s) as indicated above.

27   [XX]   **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered to Federal Express for
28          overnight courier service to the office(s) of the above addressee(s).

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct and that this declaration was executed on July 12, 2007, at San Mateo, California.

3

4    JANET E. JENNINGS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for Defendant
   COLUMBIA PAINT & COATINGS

6

7

F I L E D
ALAMEDA COUNTY

JUL 1 8 2007

CLERK OF THE SUPERIOR COURT
By _____
                         Deputy

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF ALAMEDA

10

11  SHEIK ZAHID ALI and SAFIYA
    ZAYNA ALI,                          Case No. HG-07-314291
12
                    Plaintiffs,         **DEFENDANT'S REPLY TO
13                                        PLAINTIFFS' OPPOSITION TO
    vs.                                   MOTION TO QUASH SERVICE OF
14                                        SUMMONS**
    TRIMAC TRANSPORTATION
15  SERVICES (WESTERN) INC.;           **[CCP § 418.10(a)(1)]**
    COLUMBIA PAINT & COATINGS;
16  ROHM AND HAAS COMPANY; and          **BY FAX**
    DOES 2 to 100,
17                                       **Date: July 25, 2007
                    Defendants.          Time: 9:30 a.m.
18                                       Dept: 30**

19                          **I. INTRODUCTION**

20        Defendant COLUMBIA PAINT & COATINGS ("Columbia") appears specially

21  and moves the Court for an order quashing the service of summons in this personal injury

22  action, and submits the following reply to plaintiffs' opposition to the motion as follows:

23        Defendant Columbia is incorporated in Idaho and has its principal place of business

24  in Washington State. Columbia has no offices, property or employees in California.

25  Columbia contracted with ROHM & HAAS COMPANY ("R&H"), a Pennsylvania

26  company, to provide a bulk shipment of latex to Columbia's Washington facility.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. HG-07-314291

1  Columbia remitted payment to R&H via a Texas payment center.  R&H then entered into a

2  freight agreement with TRIMAC TRANSPORTATION SERVICES ("Trimac"), to which

3  Columbia was not a party, to ship an order of latex from California to Washington.  At the

4  time, Columbia was unaware where the shipment would originate. (See *Defendant's*

5  *Motion, Declaration of Julie Shiflett* at ¶8.)  SHEIK ZAHID ALI was injured while

6  unloading the truck in Washington, and now he and his wife have sued in California.

7                                **II. ARGUMENT**

8  **A.     Plaintiffs' Opposition Fails to Justify the Exercise of California Jurisdiction**

9  **       Over A Washington Defendant.**

10         "(W)hen jurisdiction is challenged by a non-resident defendant, the burden of

11  proof is upon the plaintiff to demonstrate that 'minimum contacts' exist between

12  defendant and the forum state to justify imposition of personal jurisdiction." (*Mihlon v.*

13  *Superior Court* (1985) 169 Cal.App.3d 703, 710; *Floveyor Int'l, Ltd. v. Superior Court*

14  (1997) 59 Cal.App.4th 789, 793.)  The burden is on the plaintiff to demonstrate by a

15  preponderance of the evidence that all jurisdictional criteria are met. (*Ziller Electronics*

16  *Lab GmbH v. Superior Ct* (1988) 206 Cal.App.3d 1222, 1232.)

17         "A judgment rendered in the absence of such [contacts] violates the due process

18  clause of the Fourteenth Amendment. [Citations.] When the defendant is a foreign

19  corporation, the question whether 'jurisdiction may be constitutionally exercised depends

20  upon the circumstances of each individual case.... [T]he analysis is concerned with

21  weighing the various relevant "contacts" by the foreign corporation within the state

22  attempting to exercise jurisdiction.' [Citation.]" (*Sonora Diamond v. Superior Court*

23  (2000) 83 Cal.App.4th 523, at pp. 535-536; see also *Dorel Industries, Inc. v. Superior*

24  *Court* (2005) 134 Cal.App.4th 1267, at 1274.)

25         Plaintiffs failed to meet their burden because they did not establish minimum

26  contacts and did not show why it would be reasonable to haul Columbia to court in

Jenkins Goodman
Newman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 765-0400

                                      -2-

1 | California. Plaintiffs made now showing of Columbia's purposeful availment of

2 | California's economic markets, or any substantial nexus between Columbia and California.

3 | **1. Plaintiffs Incorrectly Applied The Law And Have Used Dissimilar Facts.**

4 | (a) Code of Civil Procedure ("CCP") Section 410.10:

5 | Defendant cites this section of the CCP to support a proposition that, "in the case of

6 | corporations...such bases [of judicial jurisdiction] currently include...causing an effect in

7 | a state by an act or omission elsewhere." (See West's Ann.Cal.C.C.P. § 410.10.)

8 | This general statement is true, but in application is not so strictly construed as to

9 | subject a corporation to foreign jurisdiction simply because that defendant has ancillary

10 | and attenuated contacts with the state where jurisdiction is sought. Indeed, the same

11 | source where plaintiffs likely found their quote also provides the following guidance:

12 | (7) Causing Effects in State by Act Done Elsewhere - Foreign Corporations:

13 | "A state [has] power to exercise judicial jurisdiction over a foreign corporation which causes effects in the state by an omission or act done elsewhere with

14 | respect to causes of action arising from these effects, **unless the nature of the effects and of the corporation's relationship to the state make the exercise**

15 | **of such jurisdiction unreasonable.**" (West's Ann.Cal.C.C.P. § 410.10; see also (Restatement 2d), § 50; see also *Fisher Governor Co. v. Superior Court*

16 | (1959), 53 Cal.2d 222, 225.) (Emphasis added.)

17 | In *Fisher*, a gas meter exploded in Idaho, allegedly due to a defective component

produced by defendant. Fisher was served by making personal service in California on

18 | George R. Friederich & Co., a manufacturers' agent who sold Fisher's products.

19 | Defendant's principal offices and manufacturing plants were in Iowa, it had no employees

20 | or property in California, nor had it appointed an agent to receive service of process in

21 | California. (*Id.* at 224.) Held, "there is no reason to assume that by supplying equipment

22 | for installation in Idaho, Fisher knowingly injected itself into a transaction or operation of

23 | its codefendants having substantial California contacts related to the causes of action.

24 | (Citations omitted.)" Summons quashed. (*Id.* at 226.)

25 | The facts in *Fisher* are similar to the case at bar. Here, defendant Columbia is

26 |

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-3-

1 incorporated in Idaho and has its principal place of business in Washington State.

2 Columbia has no employees or property in California, nor is it registered to do business in

3 California with the Secretary of State. Plaintiffs' declarations claim that Columbia

4 knowingly injected itself into a transaction involving the State of California. However, the

5 attenuated chain of events that ultimately led to the shipment of latex from California stem

6 from a freight agreement between defendants Trimac and R&H, to which agreement

7 Columbia was not a party. Indeed, when Columbia placed this bulk order with R&H (of

8 Pennsylvania), Columbia *did not know from where the latex would be shipped.* (See

9 *Defendant's Motion, Declaration of Julie Shiflett* at ¶8.)

10   (b) *Cornelison v. Chaney* (1976) 16 Cal.3d 143:

11   Plaintiffs cite *Cornelison,* a 4-3 decision, to claim that the factor of an interstate

12 delivery involving California is enough to sustain jurisdiction. (See *Opposition MPA* pp.

13 5:9-25; 6:1-5) However, the *Cornelison* court was very careful to say that the existence of

14 an interstate business, by itself, was not an independent basis of jurisdiction and requires

15 considerations of fairness and reasonableness. (*Id.* at 151.) In *Cornelison,* the defendant

16 **actually intended to obtain cargo from California, was licensed to haul freight in**

17 **California and was involved in an accident not far from the California border,** which

18 when combined with the nature of defendant's interstate trucking business and continuous

19 course of conduct that brought defendant into the state almost twice a month for seven

20 years, constituted a substantial nexus to the cause of action.   (*Id.* at 149.) (Emphasis

21 added.)

22   The *Cornelison* Court noted that in *Watson's Quality Turkey Products, Inc. v.*

23 *Superior Court* (1974) 37 Cal.App.3d 360 it was held that there was "no jurisdiction over a

24 nonresident corporation **because its only relationship to the state was a subsidiary**

25 **doing business in the state,** approximately three years of sporadic business unrelated to

26 the cause of action and rental of an office for a few months." (*Cornelison* at 150.)

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-4-

1 (Emphasis added.) Furthermore, the *Cornelison* dissent went so far as to state: "Our busy
2 courts should have little interest in assuring each resident who leaves the state that he may
3 return to litigate every wrong incurred in his travels..." (*Id.* at 155.)

4 Our facts are dissimilar to *Cornelison* because Columbia is not in the interstate
5 trucking business, R&H is not a subsidiary of Columbia, nor has evidence been provided
6 (other than a belief) that Columbia intended to, or purposefully reached out to, obtain
7 cargo specifically from California. Plaintiffs alleged injuries did not arise from SHEIK
8 ZAHID ALI driving a truck *in California*; rather, they arose from an accident that
9 happened while unloading a truck in Washington, hundreds of miles away from the
10 California border. Thus, to subject Columbia to California jurisdiction because one of
11 their suppliers had an ancillary freight agreement with a trucking company, is not
12 reasonable or fair given the circumstances.

13 (c) *Ratcliffe v. Pedersen* (1975) 51 Cal.App.3d 89:

14 The *Ratcliff* court found that the "wide-ranging economic activity" rule adopted by
15 the California Supreme Court in *Buckeye Boiler* (1969) 71 Cal.2d 893 was applicable
16 because respondent used California's channels of commerce to sell more than 400 foreign-
17 made motorcycles...; and respondent knew one of his partners was establishing
18 distributorships throughout California to promote the sale of the motorcycles. Also, all of
19 the events referred to in the complaint (breach of contract and misrepresentation) occurred
20 in [California] and would not have arisen except for respondent's activity in the state... (*Id.*
21 at 97.) (Emphasis added.)

22 Unlike respondent in *Ratcliffe*, there is no evidence that Columbia attempted to
23 establish economic ties or activity in California. The accident did not even occur in
24 California, and Columbia does not send products into California for sale. Columbia is
25 physically located in Washington, and the fact that R&H had a freight agreement with
26 Trimac does not mean that Columbia intended to do business in California.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-5-

COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. HG-07-314291

1    (d) *State of Oregon v. Superior Court* (1994) 24 Cal.App.4[th] 1550:

2    *Oregon* is a case that is no longer good on at least one point of law and is not

3    similar to the case at bar. In *Oregon*, the California court invoked jurisdiction because an

4    Oregon university *actively recruited and solicited* a California resident to play on their

5    sports team, which individual subsequently suffered two strokes and incurred medical

6    treatment in California. The *Oregon* court applied a rationale that, "but for" the contract

7    between plaintiff and defendant, plaintiff would not have been subjected to [the

8    defendant's] allegedly negligent advice and medical treatment. This rationale was

9    disapproved of in *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 465,

10   where the California Supreme Court stated, "we are not persuaded that the 'but for' test

11   provides an appropriate general standard... consequently the reasoning of... *State of*

12   *Oregon v. Superior Court* is disapproved to the extent it is inconsistent with this opinion.

13         Plaintiffs' 'minimum contacts' discussion (*Opposition MPA* pp. 6: 15-26; 7:1-2)

14   does not shed light on the issue. Plaintiffs imply that a 'but for' causation test creates a

15   'substantial nexus' equivalent to meeting the minimum contacts requirements[1] for

16   establishing general jurisdiction. However, the 'substantial nexus' test permits jurisdiction

17   when no general jurisdiction ('continuous and systematic' minimum contacts) can be

18   found, if the claim arises from defendant's activities in the state to a degree that justifies

19   jurisdiction. It is an alternative test if continuous and systematic minimum contacts cannot

20   be established.

21         Plaintiffs here use *Oregon* as the benchmark for the 'minimum contacts' test, and

22   simultaneously claim a 'sufficient nexus' argument. (See *Opposition MPA* p. 6:15-19)

23   But, the *Oregon* court acknowledged that they were not even applying the 'minimum

24

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

25   [1] Jurisdiction over a foreign company requires, "certain minimum contacts with [the state]
     such that the maintenance of the suit does not offend 'traditional notions of fair play and
26   substantial justice." *International Shoe Co. v. Washington* (1945) 326 U.S. 310; 316.

-6-

10566886.tif - 7/18/2007 10:17:14 AM

1  contacts' test, rather they were going to use 'purposeful availment' and 'sufficient nexus'

2  tests to reach their conclusion.[2] However, because the 'nexus' application in *Oregon* was

3  disapproved, the only remaining argument is 'purposeful availment.' Yet, the facts and

4  law do not support a purposeful availment claim here because plaintiffs have failed to

5  apply or analogize any relevant facts; choosing instead to make a general restatement of

6  law. Even so, there is no evidence that Columbia actively recruited or solicited business

7  from California specifically; thus there is no nexus or purposeful availment.

8      (e) *Mansour v. Superior Court* (1995) 38 Cal.App.4th 1750:

9  Plaintiffs cite *Mansour* but apply no facts to this case. (See *Opposition MPA* p. 7:3-

10  6) *Mansour* does say a non-resident may be subject to jurisdiction for an act committed

11  elsewhere if it causes an effect in the forum state, but plaintiff failed to mention that

12  *Mansour* also says:

13      "[M]erely causing an effect in the forum is not sufficient. It is reasonable to
        exercise jurisdiction on the basis of the defendant intentionally causing effects
14      in the state by an omission or act done elsewhere whenever (a) the effects are
        of a nature that the state treats as exceptional and subjects to special regulation,
15      or (b) the defendant has, in connection with causing such effects in the forum
        state, invoked the benefits and protections of its laws." (*Mansour v. Superior*
16      *Court* (1995) 38 Cal.App.4th 1750.) (Emphasis added.)

17  Neither of these two instances is applicable to the instant case. Here, plaintiffs have

18  not shown any effects of a nature that California treats as exceptional and subjects to

19  special regulation, nor has Columbia invoked the benefits and protections of California's

20  ────────────────────────────────────────────
    [2] At the hearing on the motion to quash, [a] real party in interest acknowledged "that she
21  was asking the court to assert specific jurisdiction over petitioners, not general jurisdiction.
    (2) Specific jurisdiction over an out-of-state defendant who has not consented to suit in the
22  forum comports with due process "if the defendant has 'purposefully directed' his
    activities at residents of the forum, [citation], and the litigation results from alleged injuries
23  that 'arise out of or relate to' those activities, [citation]." (*Burger King Corp. v. Rudzewicz,*
    *supra,* 471 U.S. at p. 472.) "The crucial inquiry concerns the character of defendant's
24  activity in the forum, whether the cause of action arises out of or has a substantial
    connection with that activity, and upon the balancing of the convenience of the parties and
25  the interests of the state in assuming jurisdiction." (*Cornelison v. Chaney* (1976) 16 Cal.3d
    143, 148 [127 Cal.Rptr. 352, 545 P.2d 264].) This is the relevant test for specific
26  jurisdiction in our case." *State of Oregon, supra,* at 1557 (Emphasis added.)

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-7-

10566886.trf - 7/18/2007 10:17:14 AM

1  laws. Because Columbia did not specifically order the latex from California and the

2  accident did not occur in California, Columbia cannot have *intentionally* caused any effect

3  in California. Columbia is not even a party to the freight agreement between R&H and

4  Trimac, the company that actually hauled the latex to Washington. Thus, plaintiffs'

5  argument, which is based on a generic statement of law, fails to meet their burden.

6         (f) *Dorel Industries v. Superior Court* (2005) 134 Cal.App.4th 1267:

7         Of the four defendants in *Dorel*, there seemed to be no debate as to jurisdiction

8  regarding three of them. The fourth defendant, a Canadian company, was one of two

9  wholly owned defendant-subsidiaries of a US company, who the court argued, would have

10  same lawyers as the other subsidiary. Thus, the cost of defending the action would be

11  shared, resulting in some efficiencies and cost saving. Plaintiff's argument in *Dorel* was

12  also based on the representative services doctrine, a variant of agency theory that is used as

13  a basis for general jurisdiction over a foreign parent corporation. (See *Sonora Diamond*

14  *Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 542-545.) That is not the case here.

15         Plaintiffs make a conclusory statement that this case supports exercising jurisdiction

16  over Columbia, but make absolutely no factual analysis of this case. (See *Opposition MPA*

17  p. 7:3-15) The assertion that a court imposed jurisdiction over a Canadian company using

18  the grounds of efficiency as a consideration, is by itself, not a rule of law, and without any

19  supporting admissible evidence from plaintiffs, cannot be used to impose jurisdiction on

20  Columbia. Unlike *Dorel,* there is no evidence of a shared defense in this case and there is

21  no supporting admissible evidence that Columbia is a foreign corporation subject to some

22  variant agency theory of jurisdiction. In fact, it would be **inefficient** to force all the

23  defendants to adjudicate this claim in California, considering the vast majority of the

24  material facts and evidence in this case are found in Washington State. Plaintiffs provide

25  no discussion of why a California court would be more efficient or how it will avoid the

26  risk of inconsistent judgments. Thus, plaintiffs have met their burden of proof.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. HG-07-314291

10566886.tif - 7/18/2007 10:17:14 AM

1      (g) *Benefit Assoc. Int'l., Inc. v. Superior Court* (1996) 46 Cal.App.4th 827:

2      Plaintiffs rely on *Benefit Assoc.* to claim that COLUMBIA purposefully availed

3 itself of benefits of the economic market in California. (See *Opposition MPA* p.7:16-28;

4 8:1-5) *Benefit Assoc.* applies a 'purposeful availment' discussion in the context that it is

5 fair to require an insurer who has assumed the responsibility of defending its insured in

6 California to actually defend itself there, and that "California has a significant interest in

7 assuring that injuries and losses suffered in the state are afforded insurance coverage. (*Id.*

8 at 833, citing *Southeastern Express Systems v. Southern Guaranty Ins. Co.* (1995) 34

9 Cal.App.4th 1.) The Court of Appeal in fact granted the motion to quash service of

10 summons because plaintiff failed to present any evidence[3] that defendants purposely

11 availed themselves of California's economic market, and there was an insurance forum-

12 selection clause which plaintiffs' evidence failed to negate. Such is true in this case, where

13 plaintiffs fail to present any evidence that Columbia purposely availed itself of California's

14 economic market.

15      Plaintiff SHEIK ZAHID ALI *believes* that Columbia made arrangements for the

16 routing of drivers and products from California. (See *Plaintiffs' Opposition, Declaration of*

17 *Sheik Zahid* at ¶13) He also incorrectly states that Columbia ordered the latex from the Los

18 Angeles plant where he picked-up the shipment (See *Plaintiffs' Opposition, Decl. of Sheik*

19 *Zahid Ali* at ¶7, lines 12-13). But these *beliefs* are speculation and plaintiffs offer no

20 evidence that Columbia placed, or intended to place, the order directly with California.

21 His beliefs are pure speculation and not indicative of any purposeful availment by

22 Columbia of California economic markets.

23      Intaaz Ali's declaration states that, over a period of 4 months, Columbia purchased

24 products from R&H, which would be transported to Washington. (See *Plaintiffs'*

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

25

26   [3] "[T]he motion to quash ...was not formally called a forum non-conveniens motion, [but] it was cast as one." (*Benefit Assoc. Int'l.*, at 835)

                                        -9-

1  *Opposition, Decl. Intaaz Ali* at ¶¶ 2, 5)  The declaration provides no evidence that

2  Columbia knew, requested, directed or intended the shipments come from California, and

3  the declaration actually supports the lack of connection between Columbia and California

4  by confirming R&H hired Trimac to do the hauling. (See *Plaintiffs' Opposition, Decl.*

5  *Intaaz Ali* at ¶5)

6  Plaintiffs' supporting declarations do not show how Columbia **directed** its activities

7  at California for the **purpose** of benefiting from California's economic market.  The

8  'personal knowledge' contained in these declarations only demonstrates that R&H

9  subcontracted Trimac to ship latex.  Plaintiffs have provided no admissible evidence that

10  Columbia intended to control the means and methods of how R&H fulfilled their

11  agreement.

12  ## III. CONCLUSION

13  Plaintiffs have failed to produce evidence sufficient to meet their burden of proof.

14  Their legal analysis and declarations do not justify an imposition of California jurisdiction

15  over Columbia, a non-resident company.  Therefore, defendant Columbia respectfully

16  requests that this court enter an order quashing service of summons for lack of personal

17  jurisdiction and dismiss this case as to Columbia.

18  DATED: July 18, 2007                    JENKINS GOODMAN NEUMAN &
                                          HAMILTON LLP
19

20                                        By:
21                                            ZACHARY S. TOLSON, ESQ.
                                          Attorneys for Defendant
22                                          COLUMBIA PAINT & COATINGS

23  f:\docs\jsg\uli v. trimac (columbia paint)\pleadings\reply to opposition to motion to quash svc of summons\reply to opposition to motion to quash.mpa.doc

24
Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.  25
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400  26

-10-

COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
CASE NO. HG-07-314291

# PROOF OF SERVICE

**CASE NAME:** *Ali v. Trimac, et al.*
**CASE NUMBER:** HG07-314291
**DATE OF SERVICE:** July 18, 2007
**DESCRIPTION OF DOCUMENTS SERVED:**

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO QUASH SERVICE OF SUMMONS**

**SERVED ON THE FOLLOWING:**

| | |
|---|---|
| Robert M. Desky, Esq. | Christopher F. Johnson, Esq. |
| Anderlini, Finkelstein, Emerick & Smoot | Maranga Morgenstern |
| 400 South El Camino Real, Suite 700 | 88 Kearny Street, Suite 1475 |
| San Mateo, CA 94402 | San Francisco, CA 94108 |
| 650.348.0102 | 415.248.5315 |
| 650.348.0962 fax | 415.248.5314 fax |

| |
|---|
| Audrey C. Friedel, Esq. |
| Rohm and Haas Company |
| 100 Independence Mall West |
| Philadelphia, PA 19106 |
| 215-592-6995 |
| 215-592-3310 fax |

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by Federal Express (overnight delivery) by delivering said document(s) to an authorized courier of Federal Express (with delivery fees fully provided for) in a sealed Federal Express envelope addressed as shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

Alesia DeCamp

f:\docs\jsg\ali v. trimac (columbia paint)\pleadings\pos.fed ex.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

10566886.tif - 7/18/2007 10:17:14 AM

**EXHIBIT E**

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| Ali | | No. HG07314291 |
|---|---|---|
| | Plaintiff/Petitioner(s) | |
| VS. | | **Minutes** |
| **Trimac Transportation Services (Western), Inc.** | | |
| | Defendant/Respondent(s) | |
| **(Abbreviated Title)** | | |

Department    30                                    Honorable    Kenneth Mark Burr        , Judge

Cause called for Motion: July 25, 2007.

Opposing Party Sheik Zahid Ali appeared by counsel Emerick, Merrill.
Opposing Party Safiya Zayna Ali appeared by counsel Emerick, Merrill.
Trimac Transportation Services (Western), Inc. appeared by counsel Ozowski, Richard.
Moving Party Columbia Paint & Coatings appeared by counsel Tolson, Zachary.
Rohm And Haas Company appeared by counsel Ozowski, Richard.

9:40 A.M.- Court and counsel are present and on the record. Matter is argued.

Ruling on Motion to Quash Service of Summons Purs. to 418.10 CCP Taken Under Submission

Minutes of    07/25/2007
Entered on    07/26/2007

Executive Officer / Clerk of the Superior Court

By    _Sonya Montoya_

Deputy Clerk

**Minutes**

M3856204



RCD

F I L E D
ALAMEDA COUNTY

JUL 2 7 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

SHEIK ZAHID ALI and SAFIYA ZAYNA )   No. HG-07314291
ALI,                              )
                                  )   ORDER CONTINUING MOTION TO
        Plaintiffs,               )   QUASH TO PERMIT JURISDICTIONAL
                                  )   DISCOVERY
vs.                               )
                                  )
TRIMAC TRANSPORTATION             )
SERVICES (WESTERN), INC.;         )
COLUMBIA PAINT & COATINGS and     )
DOES 1 to 100;                    )
                                  )
        Defendants.               )

Specially appearing Defendant Columbia Paint & Coatings's Motion to Quash Service of Summons came on for hearing on July 25, 2007 in Department 30, before the Honorable Kenneth Mark Burr. Specially appearing Defendant Columbia Paint & Coatings appeared by its counsel, Zachary S. Tolson of Jenkins Goodman Neuman & Hamilton LLP. Plaintiffs Shiek Zahid Ali and Safiya Zayna Ali appeared by their counsel, Merrill G. Emerick of Anderlini, Finkelstein,

1

*Al, et al. v. Trimac Transportation Services (Western), Inc. et al.,* HG07-314291

Emerick & Smoot. Defendants Trimac Transportation Services and Rohm and Haas appeared by their counsel, Richard Ozowski of Maranga Morgenstern. The matter was argued and submitted.

Having considered the papers filed by the parties and the arguments of counsel at the hearing, the Court ORDERS as follows:

Columbia's Motion to Quash is CONTINUED to November 27, 2007 in Department 30 at 9:30 a.m. to allow Plaintiffs to conduct discovery of any party relevant to the jurisdictional issues raised by the Motion. (See *1880 Corp. v. Superior Court* (1962) 57 Cal.2d 840, 842-843; *Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 911.)

Plaintiffs shall have until November 5, 2007 to file and serve a supplemental opposition brief and any supplemental evidence in support thereof. Defendant Columbia shall have until November 15, 2007 to file and serve a supplemental reply brief. At the continued hearing, the Court will consider any additional submitted evidence and will rule on the Motion in light of the entire factual record.

KENNETH MARK BURR
Judge of the Superior Court

8-27-07
Date

2

*... Services (Western), Inc. et al.*, HG07-314291





## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk in Dept. 30 of the Superior Court of California, County of Alameda and not a party to this cause. I served the attached Order Continuing Motion to Quash to Permit Jurisdictional Discovery in Case No. HG07-314291, by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.


Dated:  7/30/07                          Pat Sweeten
                                         Executive Officer/Clerk of the Superior Court


                                    By  _Kathy McKean_____
                                         Kathy McKean, clerk, Dept. 30


Merrili G. Emerick
Anderlini, Finkelstein, etc.
400 South El Camino Real, #700
San Mateo, CA  94402


Zachary S. Tolson
Jenkins Goodman
417 Montgomery St., 10th Floor
San Francisco, CA  94104


Richard Ozowski
Maranga Morgenstern
88 Kearny St., #1475
San Francisco, CA  94108