1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   ZACHARY S. TOLSON, ESQUIRE - State Bar # 242824
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California  94104
   Telephone:    (415) 705-0400
4  Facsimile:    (415) 705-0411

5  Attorneys for Defendant
   COLUMBIA PAINT & COATINGS
6

7                UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

9

10 SHEIK ZAHID ALI and SAFIYA          Case No. C07-04263-BZ
   ZAYNA ALI,
11                                     NOTICE OF MOTION AND MOTION TO
                   Plaintiffs,         DISMISS DEFENDANT COLUMBIA PAINT &
12                                     COATINGS FOR LACK OF PERSONAL
           vs.                         JURISDICTION; MEMORANDUM OF
13                                     POINTS AND AUTHORITIES IN SUPPORT
   TRIMAC TRANSPORTATION               THEREOF
14 SERVICES (WESTERN) INC.;
   COLUMBIA PAINT & COATINGS;          [F.R.C.P. Rule 12(b)(2)]
15 ROHM AND HAAS COMPANY; and
   DOES 2 to 100,
16                                     Date:   December 5, 2007
                   Defendants.         Time:   10:00 AM
17                                     Dept:   Courtroom G, 15th Floor
                                       Judge:  The Honorable Bernard Zimmerman
18

19              **NOTICE OF MOTION AND MOTION**

20     PLEASE TAKE NOTICE THAT ON December 5, 20007, at 10:00 AM, or as soon

21 thereafter as the matter may be heard in the Courtroom G of the United States District Court,

22 Oakland Division, located at 1301 Clay Street, Suite 400S, Oakland, California, 94612, the

23 Defendant COLUMBIA PAINT & COATINGS ("Columbia") will appear specially and move

24 the Court for an order dismissing this action as to this Defendant only pursuant to Federal Rule

25 of Civil Procedure 12(b)(2) on the ground that the Court lacks personal jurisdiction over this

26 defendant. This motion is based on this Notice of Motion and Motion, the Memorandum of

27 Points and Authorities and the attached Declarations filed and served herewith, and upon the

28 papers, records and pleadings on file herein.

-i-

# TABLE OF CONTENTS

I. STATEMENT OF FACTS ..................................................................................................1

II. PROCEDURAL BACKGROUND.......................................................................................2

III. ARGUMENT .......................................................................................................................2

    A. DEFENDANT COLUMBIA DOES NOT HAVE SUFFICIENT CONTACTS WITH CALIFORNIA AND IMPOSING CALIFORNIA JURISDICTION WOULD BE UNREASONABLE. ...................................................................................................2

        1. Columbia Did Not Have Sufficient Minimum Contacts With California. .....2

        2. Columbia's Attenuated California Contacts Make Jurisdiction Unreasonable.................................................................................................5

    B. CALIFORNIA CANNOT INVOKE LIMITED JURISDICTION BECAUSE COLUMBIA DID NOT PURPOSEFULLY DIRECT ACTIVITY TO CALIFORNIA, THE ACCIDENT DID NOT ARISE "BUT-FOR" COLUMBIA'S CALIFORNIA CONTACTS, AND JURISDICTION IS UNREASONABLE. .................................................................................................6

        1. Columbia Did Not Purposefully Avail Itself of California............................8

        2. The Accident Did Not Arise "But For" Columbia's California Contacts......9

        3. Forcing Columbia to Court in California is Unreasonable. ........................10

    C. ACTS COMMITTED OUTSIDE THE FORUM STATE DO NOT WARRANT JURISDICTION....................................................................................................11

IV. CONCLUSION..................................................................................................................13

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

# TABLE OF AUTHORITIES

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.* (9th Cir. 1993) 1 F.3d 848 .................. 3, 5
*Aviles v. Kunkle* (5th Cir. 1992) 978 F.2d 201 ................................................................. 7
*Ballard v. Savage* (9th Cir. 1995) 65 F.3d 1495 ............................................................... 9
*Boaz v. Boyle & Co., Inc.* (1995) 40 Cal.App.4th 700 ....................................................... 6
*Brand v. Menlove Dodge* (9th Cir. 1986) 796 F.2d 1070 ............................................... 6, 7
*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462 ........................................... 7, 10, 12
*Calder v. Jones* (1984) 465 U.S. 783 ............................................................................. 2
*Casualty Assurance Risk Ins. Brokerage Co. v. Dillon* (9th Cir. 1992) 976 F.2d 596 ....... 9, 12
*Core-Vent Corp. v. Nobel Inds. AB* (9th Cir. 1994) 11 F.3d 1482 ..................................... 10
*Creech v. Roberts* (6th Cir. 1990) 908 F.2d 75 .............................................................. 9
*Data Disc, Inc. v. Systems Technology Assocs., Inc.* (9th Cir. 1977) 557 F.2d 1280 ... 2, 7, 10
*Doe v. American Nat'l Red Cross* (9th Cir. 1997) 112 F.3d 1048 .................................... 10
*Doe v. National Medical Services* (10th Cir. 1992) 974 F.2d 143 .................................... 7
*Estate of Portnoy v. Cessna Aircraft Co.* (5th Cir.1984) 730 F.2d 286 ............................ 12
*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.* (9th Cir. 1990) 907 F.2d 911 ......... 3
*Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.* (9th Cir.1987) 828 F.2d 1439 ... 10
*Foster-Miller, Inc. v. Babcock & Wilcox Canada* (1st Cir. 1995) 46 F.3d 138, 145 .............. 2
*Gardemal v. Westin Hotel Co.* (5th Cir. 1999) 186 F.3d 588 ............................................ 2
*Gray & Company v. Firstenberg Machinery Company, Inc.* (9th Cir. 1990) 913 F.2d 758 ... 10, 11
*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.* (9th Cir.1986) 784 F.2d 1392 ....... 7
*Hanson v. Denckla* (1958) 357 U.S. 235 .................................................................. 7, 8, 9
*Harlow v. Children's Hosp.* (1st Cir. 2005) 432 F.3d 50 ................................................. 10
*Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984) 466 U.S. 408 ......................... 3
*IMO Industries, Inc. v. Kiekert AG* (3rd Cir. 1998) 155 F.3d 254 .................................. 9, 12
*International Shoe Co. v. Washington* (1945) 326 U.S. 310 .......................................... 2
*Jobe v. ATR Marketing, Inc.* (5th Cir. 1996) 87 F.3d 751 .............................................. 12
*Kulko v. Sup.Ct.* (1978) 436 U.S. 84 .......................................................................... 7, 8
*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.* (2nd Cir. 1996) 84 F.3d 560 ..... 2, 3, 4, 5
*Nowak v. Tak How Investments, Ltd.* (1st Cir. 1996) 94 F.3d 708 ................................. 9, 10
*Ochoa v. J.B. Martin & Sons Farms, Inc.* (9th Cir. 2002) 287 F.3d 1182 ........................... 7
*Prejean v. Sonatrach, Inc.* (5th Cir. 1981) 652 F.2d 1260 .............................................. 9
*Rio Properties, Inc. v. Rio Int'l Interlink* (9th Cir. 2002) 284 F.3d 1007 ............................ 2
*Rittenhouse v. Mabry* (5th Cir.1987) 832 F.2d 1380 .................................................... 12
*Shute v. Carnival Cruise Lines* (C.A.9 (Wash.), 1990) 897 F.2d 377 .............................. 10
*Sibley v. Sup.Ct.* (1976) 16 Cal.3d 442 ....................................................................... 12
*Terracom v. Valley Nat'l Bank* (9th Cir.1995) 49 F.3d 555 ............................................. 8
*Ticketmaster-New York, Inc. v. Alioto* (1st Cir. 1994) 26 F.3d 201 .................................. 7
*Tuazon v. R.J. Reynolds Tobacco Co.* (9th Cir. 2006) 433 F.3d 1163 ....................... 3, 4, 5
*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286 ................................ 8, 9
*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* (9th Cir. 2006) 433 F.3d 1199 ... 7

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

## I. STATEMENT OF FACTS

Plaintiffs SHEIK ZAHID ALI ("Zahid") and SAFIYA ZAYNA ALI ("Safiya") seek recovery for personal injuries and loss of consortium arising out of an incident that occurred in the State of Washington on July 19, 2006. Plaintiff SHEIK ZAHID ALI, a commercial truck driver, was unloading a shipment of bulk latex at Columbia's warehouse facility in Spokane, Washington, when a metal cap allegedly blew off the top of the pressurized tanker. Plaintiff was standing on top of the tanker and was struck by the metal cap, which caused him to fall to the pavement.

Columbia is a manufacturer of residential, architectural, commercial and industrial paint and coatings. It is incorporated in the State of Idaho, and has its primary place of business in the State of Washington. (Declaration of Stephen Gordon ("Gordon Decl.") at ¶4.) Columbia has not qualified itself to do business in California by registering with the California Secretary of State, and has no employees, operations, or facilities in California. (Gordon Decl. at ¶5.) In fact, Columbia has offices in several states, including Alaska, Idaho, Montana, North Dakota, South Dakota, Oregon, Utah, Washington and Wyoming, **but NOT California**. (Gordon Decl., ¶ 10.)

Columbia purchased the particular shipment of bulk latex at issue in this case from Defendant ROHM AND HAAS COMPANY ("R&H"), a specialty materials manufacturer that has its headquarters in Philadelphia, Pennsylvania. (Gordon Decl. at ¶6; **"Exhibit A."**) Columbia remitted payment for the bulk latex to R&H's payment center in Dallas, Texas. (Gordon Decl. at ¶7; **"Exhibit B."**)

R&H, not Columbia, contracted with Defendant TRIMAC TRANSPORTATION SERVICES, INC. ("Trimac") to deliver the product, and Trimac subsequently employed Plaintiff to drive the tanker to Columbia's warehouse in Spokane, Washington. Columbia is not a party to the freight agreement between Rohm and Haas and Trimac, and at the time of the purchase at issue, was not aware who would be shipping the materials or from where the shipment would originate. (Gordon Decl., ¶ 8.) In fact when Columbia made purchases of bulk latex from R&H, Columbia never specified from where they wanted shipments to originate, only that they needed the products delivered to Spokane, Washington, which is where the accident in this case happened. (Gordon Decl., ¶8.)

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

## II. PROCEDURAL BACKGROUND

This lawsuit was originally filed in Alameda County Superior Court, California, under case no. HG-07-314291. Defendant Columbia moved to quash service of process for lack of personal jurisdiction. Before a final determination on that motion, this case was removed to Federal court by other Defendants, Trimac and R&H. (Gordon Decl., ¶23.)

## III. ARGUMENT

### A. DEFENDANT COLUMBIA DOES NOT HAVE SUFFICIENT CONTACTS WITH CALIFORNIA AND IMPOSING CALIFORNIA JURISDICTION WOULD BE UNREASONABLE.

A motion to dismiss is proper where the Court lacks of jurisdiction over the person who is being sued. (FEDERAL RULES OF CIVIL PROC., Rule 12(b)(2).) Plaintiff bears the burden of proof on the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. (*Rio Properties, Inc. v. Rio Int'l Interlink* (9th Cir. 2002) 284 F.3d 1007, 1019; *Foster-Miller, Inc. v. Babcock & Wilcox Canada* (1st Cir. 1995) 46 F.3d 138, 145; *Gardemal v. Westin Hotel Co.* (5th Cir. 1999) 186 F.3d 588, 592.) Where a case involves multiple defendants, each defendant's "contacts" with the forum state must be assessed individually. (*Calder v. Jones* (1984) 465 U.S. 783.)

#### 1. Columbia Did Not Have Sufficient Minimum Contacts With California.

The Due Process Clause of the U.S. Constitution's Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with a forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.) For general (unlimited) jurisdiction, a higher level of "contacts" with the forum state is required to support local jurisdiction ("fair play"). (*Data Disc, Inc. v. Systems Technology Assocs., Inc.* (9th Cir. 1977) 557 F.2d 1280, 1287; *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.* (2nd Cir. 1996) 84 F.3d 560, 570-571.)

Because of the higher level of "contacts" required, plaintiffs generally face an uphill battle when claiming a nonresident defendant is subject to general jurisdiction. This broad basis for jurisdiction is usually limited to large companies doing a *large amount of business locally* on a

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

regular basis. (Emphasis added.) (*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.* (9th Cir. 1993) 1 F.3d 848, 851, fn. 3.) Adding another obstacle to establishing general jurisdiction is that purchasing (as opposed to selling) goods and services in the forum state, even at regular intervals, is generally not enough by itself to subject a nonresident to general jurisdiction. (*Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984) 466 U.S. 408, 411-412.) Even an out-of-state trucker who was licensed by the California Public Utilities Commission, and who made *irregular* deliveries **into** California (20 trips a year), was not subject to general personal jurisdiction in California. (Emphasis added.) (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147.)

"Only contacts occurring prior to the event causing the litigation may be considered." (*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.* (9th Cir. 1990) 907 F.2d 911, 913.) Here, Columbia had but one client in California at the time of accident, comprising about 20 sporadic transactions over a period of three years, and averaging less than one-half of one percent of Columbia's overall sales. With the exception of that one client, Columbia does not conduct any business in California at all. (*Id.*) (Gordon Decl., ¶ 19.) Columbia's doesn't even purchase the materials at issue in this case directly from California. (Gordon Decl., ¶ 8.) Instead, Columbia orders their materials from R&H in Pennsylvania and sends payment to R&H in Dallas, TX. (Gordon Decl., ¶ 6-7.) It has always been R&H who then decided from where they will fill the order. (Gordon Decl., ¶ 8.) Thus Plaintiff cannot show that Columbia had the high level of interaction with California that is required to establish general jurisdiction.

In application, some cases have found general jurisdiction based, in part on sales. In *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.* (2nd Cir. 1996) 84 F.3d 560, general jurisdiction was found where defendant (a) sold over $4 million of products in the forum for the years in question, (b) had contracts with "authorized" local builders, (c) provided support to local dealers through "800" phone service and training, (d) engaged in national advertising reaching the forum state, (e) registered to do business there, and (f) sent sales employees to the state on numerous occasions. The court held that, while these contacts individually might not be "continuous and systematic," collectively they satisfied the standard. (*Id.* at pp. 572–573.) In *Tuazon v. R.J. Reynolds Tobacco Co.* (9th Cir. 2006) 433 F.3d 1163, defendant was subject to

-3-

Jenkins Goodman
Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

general jurisdiction based on substantial sales of its products to local consumers for more than 50 years, generating enormous revenues; in addition, defendant maintained a permanent office and work force in the forum, was licensed to do business there, and engaged in political activity there to protect its market. (*Id.* at 1173–1174.)

Unlike the millions of dollars in forum-sales and other forum-related contacts of the defendants in *Metropolitan Life Ins. Co., supra,* and *Tuazon, supra,* Columbia's few sporadic sales to one client alone are insufficient to establish general jurisdiction because those contacts are not continuous and systematic. Indeed, it is the nature and extent of the contacts that determines whether defendant's activities are "substantial" or "continuous and systematic." Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence. (*Tuazon v. R.J. Reynolds Tobacco Co.* (9th Cir. 2006) 433 F.3d 1163, 1172.)

The Rutter Group California Practice Guide to Federal Civil Procedure expounds the issue by providing a useful checklist to help make a determination of the *nature and extent* of contacts with a forum state for the purpose of evaluating personal jurisdiction before ever filing a lawsuit. The following is an analysis (in italics) of these factors as they relate to Columbia's contacts with California:

1. Identification of defendant (individual, corporate, subsidiaries, affiliates, etc.): *Columbia is incorporated in Idaho and has its principle place of business in Washington State.* (Gordon Decl., ¶ 4.)

2. Authorized to transact business within the state? *No.* (Gordon Decl., ¶ 5.)

3. Appointment (actual or implied) of local agent for service of process? *No.* (Gordon Decl., ¶ 5.)

4. Sale or lease of property within state? *No.* (Gordon Decl., ¶ 10.)

5. Sale or lease of property out of state for use within state? *No.* (Gordon Decl., ¶ 10.)

6. Employees within state? *No.* (Gordon Decl., ¶ 5.)

7. Advertising within state? *No.* (Gordon Decl., ¶ 5.)

8. Warranty or service facilities within state through independent contractors? *No.* (Gordon Decl., ¶ 11.)

9. Sales or marketing within state? *Columbia has one client in California which was not*

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

*actively recruited constituting less than one-half of one percent of Columbia's business. Furthermore, sales to that client are totally unrelated to the accident in this case.* (Gordon Decl., ¶ 19.)

10. Office within state? *No.* (Gordon Decl., ¶ 5.)

11. Telephone within state? *No.* (Gordon Decl., ¶ 5.)

12. Loan applications within state--subsidiary? *No.* (Gordon Decl., ¶ 12.)

13. Bank account within state? *No.* (Gordon Decl., ¶ 12.)

14. Ownership of property within state? *No.* (Gordon Decl., ¶ 5.)

15. Consignment shipments for purchase within state? *No.* (Gordon Decl., ¶ 13.)

16. Litigation by or against defendant in state? *No, except for this case.* (Gordon Decl., ¶ 14.)

17. Meetings of directors or shareholders within state? Trade shows, etc.? *No.* (Gordon Decl., ¶ 15.)

18. Any subsidiary or controlled entity having "contacts" enumerated above? *No.* (Gordon Decl., ¶ 16.)

19. Any Web site accessible to forum residents? And, if so, is the Web site "passive" or "interactive"? *Yes, but "active" online ordering is not available.* (Gordon Decl., ¶ 17.)

20. Use of court system as litigant? *No.* (Gordon Decl., ¶ 17.)

While no mechanical checklist can provide an ultimate answer to the question of personal jurisdiction (*Tuazon, supra,* at 1172), certainly such a checklist is indicative and useful to highlight the nature and extent of any contacts that do exist with the forum. As is readily apparent from the list above, Columbia has exhibits essentially none of the characteristics that might justify the imposition of general jurisdiction in California.

  2. <u>Columbia's Attenuated California Contacts Make Jurisdiction Unreasonable.</u>

Even assuming *arguendo* that defendant did engage in "continuous and systematic" business within California, due process requires that the exercise of jurisdiction in the particular case be reasonable (i.e., not a denial of "fair play and substantial justice"). (*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.* (9th Cir. 1993) 1 F.3d 848, 851, fn. 2; see also *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.* (2nd Cir. 1996) 84 F.3d 560 - despite contacts sufficient for "general jurisdiction," exercise of personal jurisdiction over nonresident defendant violated Due Process Clause because of "reasonableness" considerations (including inefficiency of conducting

-5-

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

litigation in forum state and attenuated nature of plaintiff's interest in pursuing case there.)

It has been held that it was "unreasonable" for California courts to exercise jurisdiction in a suit against a Utah car dealer in an action arising out of injuries suffered in Arizona by an Arizona purchaser. Although the chain of title from the Utah dealer to the Arizona purchaser led through an auto auction in Los Angeles, California had no real interest in providing a forum and the burdens of defending here were substantial. (*Brand v. Menlove Dodge* (9th Cir. 1986) 796 F.2d 1070, 1075-1076.) Here, while the "chain of title" for the product (here, bulk latex) may lead through California, California has no real interest in providing a forum for a case where the accident and evidence are located in Washington State.

Furthermore, no facts have been alleged that Plaintiffs were injured by any defect in Columbia's *product* (it was Trimac's tanker truck that was involved in the accident), and even if grounds for such a claim exist, courts have held that where a products-related injury occurs outside the forum state, personal jurisdiction cannot be asserted absent other contacts with the forum. (*Boaz v. Boyle & Co., Inc.* (1995) 40 Cal.App.4th 700 – where a California resident attempted to sue a nonresident corporation for drug-related injuries sustained in New York the court granted defendant's motion to quash, stating that California lacked jurisdiction because defendant's activities in California were limited to advertising, it did not maintain any offices, personnel, or representatives in California, and they were not licensed to do business in California.)

The California courts likewise have no jurisdiction over Columbia, where the injury itself occurred outside this State and Columbia does not maintain offices, personnel, or representatives in California, and Columbia has not obtained a license to do business here, and does not advertise in this State. It would be unreasonable to force Columbia to submit to California jurisdiction for having one client, whose business was not solicited in California, and whose contribution to Columbia's revenues is so infinitesimally small. The accident and evidence are located in Washington and have nothing to do with sales to Columbia's only client in California.

**B.  CALIFORNIA CANNOT INVOKE LIMITED JURISDICTION BECAUSE COLUMBIA DID NOT PURPOSEFULLY DIRECT ACTIVITY TO CALIFORNIA, THE ACCIDENT DID NOT ARISE "BUT-FOR" COLUMBIA'S CALIFORNIA CONTACTS, AND JURISDICTION IS UNREASONABLE.**

If a nonresident defendant's "contacts" with the forum state are not sufficiently

-6-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

"continuous and systematic" for general jurisdiction, it may still be subject to jurisdiction on claims related to its activities or contacts there. Such "limited" or "specific" personal jurisdiction requires a showing that:

(1) The out-of-state defendant *purposefully directed its activities* toward residents of the forum state or otherwise established contacts with the forum state (*Hanson v. Denckla* (1958) 357 U.S. 235, 253-254; *Kulko v. Sup.Ct.* (1978) 436 U.S. 84, 94.);

(2) Plaintiff's cause of action *arises out of or results from* the defendant's forum-related contacts (*Doe v. National Medical Services* (10th Cir. 1992) 974 F.2d 143, 145; *Aviles v. Kunkle* (5th Cir. 1992) 978 F.2d 201, 204); **and**

(3) The forum's exercise of personal jurisdiction in the particular case must be reasonable - i.e., it comports with "fair play and substantial justice." (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 477-478; see also *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* (9th Cir. 2006) 433 F.3d 1199, 1206 (en banc).)

Although Ninth Circuit law formerly required a plaintiff to demonstrate each of these three factors to establish specific jurisdiction, see *Data Disc, Inc. v. Sys. Tech. Assoc.* (9th Cir.1977) 557 F.2d 1280, 1287, a more "flexible approach" as been adopted (*Brand v. Menlove Dodge* (9th Cir.1986) 796 F.2d 1070, 1074; see also *Ochoa v. J.B. Martin & Sons Farms, Inc.* (9th Cir. 2002) 287 F.3d 1182, 1188, fn. 2), which allows jurisdiction to be established with a lesser showing of minimum contacts "if considerations of reasonableness dictate." (*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.* (9th Cir.1986) 784 F.2d 1392, 1397; see also *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 476.) "Under this analysis, there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." *Brand, supra,* 796 F.2d at 1074. However, <u>the weaker the plaintiff's showing of purposeful availment and relatedness to forum-related acts</u>, the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction; and vice versa. (Emphasis added.)(*Ticketmaster-New York, Inc. v. Alioto* (1st Cir. 1994) 26 F.3d 201, 210; see also *Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 477.) As demonstrated below, Plaintiffs can only make an extremely weak showing of purposeful availment and relatedness as compared to the relative

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

unfairness in forcing Columbia to court in California when the accident happened in Washington.

### 1. Columbia Did Not Purposefully Avail Itself of California.

In order to establish personal jurisdiction without the requisite minimum contacts, a nonresident defendant must have purposefully directed its activities at forum residents, or purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law. (*Hanson v. Denckla* (1958) 357 U.S. 235, 253-254; *Kulko v. Sup.Ct.* (1978) 436 U.S. 84, 94.) The "purposeful availment" requirement assures that a nonresident will be <u>aware that it is subject to suit</u> in the forum state. It can then protect against the costs of litigating there by purchasing insurance; or, if the costs and risks are too great, by severing its connections with the forum state. (Emphasis added.) (*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297.) The purposeful availment prong prevents defendants from being haled into a jurisdiction through random, fortuitous, or attenuated contacts." (*Terracom v. Valley Nat'l Bank* (9th Cir.1995) 49 F.3d 555, 560.)

The court in *World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286 held that personal jurisdiction depends on whether the state has a sufficient relationship with the defendant and the litigation to make it reasonable to require it to defend the action in that state. The corporate defendants in that case carried on no activity whatsoever in the forum state and did not "avail themselves" of any privileges or benefits of the forum's laws. Oklahoma's long-arm statute, like that of California, confers jurisdiction to the limits prescribed by the U.S. Constitution. The court found that in the absence of "minimum contacts," Oklahoma's courts could not exercise jurisdiction over defendants consistently with due process.

In *Hanson v. Denckla* (1958) 357 U.S. 235, which involved a trust dispute, the U.S. Supreme Court held that Florida did not have personal jurisdiction over a nonresident trustee, despite the fact that the settlor of the trust and most of its appointees and beneficiaries were domiciled in Florida. The defendant trust company had no office or employees in Florida, transacted no business there, and did not hold or administer any trust assets in Florida. "It is essential in each case that there be some act by which the defendant *purposefully avails itself* of the privilege of conducting activities within the forum State, thus invoking the benefits and

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

protections of its laws." (*Id* at 253; emphasis added.)

As in *World-Wide Volkswagen, supra* and *Hanson, supra,* Columbia did not act in any manner that could be deemed a "purposeful availment" of the protection and privileges afforded by California's laws. Columbia products have not been continuously and systematically sold in California. Columbia has no operations, facilities, or employees in California, and is not qualified to do business here. Columbia transacted solely with Rohm and Haas, a Pennsylvania-based company, to purchase the bulk latex at issue and remitted payment for this order to Rohm and Haas' payment center in Dallas, Texas. Columbia had no knowledge or control over the freight agreement between Rohm and Haas and Trimac for delivery of the product, and was not a party to that agreement. Columbia's recourse, if there were to be a problem with a shipment, is to either hire an outside company to dispose of the materials or to call R&H. (Gordon Decl., ¶ 20.) True, Plaintiff resides in California, but Columbia has no direct or contractual relationship with either Plaintiff or Plaintiff's employer, Trimac. Regardless, it is not enough that plaintiff resides in the forum state and may feel effects there. <u>The defendant must direct the tortious activity to the forum state.</u> (Emphasis added.) (*Casualty Assurance Risk Ins. Brokerage Co. v. Dillon* (9th Cir. 1992) 976 F.2d 596, 601; *IMO Industries, Inc. v. Kiekert AG* (3rd Cir. 1998) 155 F.3d 254, 263–265.)

### 2. The Accident Did Not Arise "But For" Columbia's California Contacts.

There are a **wide** range of tests used to prove the concept that an accident must "arise out of a defendant's contacts with the forum state. The 9th Circuit apply a "but for" test to determine whether the claim "arises out of" the nonresident's forum-related activities, i.e., if plaintiff would not have suffered loss "but for" defendant's activities, this element is satisfied. (*Ballard v. Savage* (9th Cir. 1995) 65 F.3d 1495, 1500; see *Prejean v. Sonatrach, Inc.* (5th Cir. 1981) 652 F.2d 1260, 1270, fn. 21; *Creech v. Roberts* (6th Cir. 1990) 908 F.2d 75, 80; *Nowak v. Tak How Investments, Ltd.* (1st Cir. 1996) 94 F.3d 708.) ***But, activities that are deemed "too attenuated" do not satisfy the "but for" test.*** (Emphasis added.)[1] (*Doe v. American Nat'l Red Cross* (9th Cir. 1997) 112 F.3d

---

[1] Defendants urge caution that a broad application of the "but for" standard could substantially expand the scope of limited jurisdiction to virtually any incident. For example, a plaintiff living in California could sue in that state for injuries suffered on a trip out of state so long as there was a showing that "but for" a defendant advertising in California, plaintiff would not have gone on the trip. There would be no required showing that defendant's forum-

-9-

1048, 1051 - alleged negligence of FDA official in regulating blood supply too attenuated from actual injury to be considered but for cause of death resulting from transfusion of tainted blood).; *Harlow v. Children's Hosp.* (1st Cir. 2005) 432 F.3d 50, 60-61.) Here, Columbia did not do any advertising in California and did not recruit Plaintiff or Trimac to do their shipping. Columibia had an agreement with R&H which did not specify from where R&H would obtain the products for shipment. Therefore, there can be no "but for" causation when R&H, not Columbia, decided to use a California distribution center to ship bulk latex.

### 3. Forcing Columbia to Court in California is Unreasonable.

It must appear that the exercise of jurisdiction by local courts in the particular case would "comport with fair play and substantial justice." (*Burger King Corp. v. Rudzewicz* (1985) 471 US 462, 477-478.) After the first two prongs of the *Data Disc,* test, *supra,* ("purposeful availment" and "arising from") have been met, the court still must determine whether the exercise of jurisdiction over a party would be reasonable.[2]

Here, it is clear that the first two prongs of the test **have not been met**; Columbia did not purposefully direct its activities towards California and Columbia has insufficient contacts with California such that the accident did not "but for" arise from those contacts. But, even both of those prongs were met it is still unreasonable to force Columbia to court in California because virtually all of the relevant issues in this case are sited outside of California, i.e., the accident happened in Washington and most of the evidence and witnesses are in Washington.

The Ninth Circuit in *Gray & Company v. Firstenberg Machinery Company, Inc.* (9th Cir. 1990) 913 F.2d 758 found that "but for" an isolated purchase deal directly between Oregon and

---

related activities were the cause of the injuries. (Emphasis added.) (*Nowak v. Tak How Investments, Ltd.* (1st Cir. 1996) 94 F.3d 708, 715)

[2] In determining reasonableness, the 9th Circuit analyzes seven factors: the extent of purposeful interjection, the burden on the defendant to defend the suit in the chosen forum, the extent of conflict with the sovereignty of the defendant's state, the forum state's interest in the dispute; the most efficient forum for judicial resolution of the dispute; the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and the existence of an alternative forum. (*Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.* (9th Cir.1987) 828 F.2d 1439, 1442.) The court must balance the seven factors to determine whether the exercise of jurisdiction would be reasonable. Id. (*Shute v. Carnival Cruise Lines* (C.A.9 (Wash.), 1990) 897 F.2d 377, 380 386; *Core-Vent Corp. v. Nobel Inds. AB* (9th Cir. 1994) 11 F.3d 1482, 1486-1487; *Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 476-477.) No one factor is dispositive. Rather, the court must balance all seven. (*Core-Vent Corp, supra,* 11 F.3d at 1488.)

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

California parties that harm in Oregon would not have happened, but that defendant's contacts with the state of Oregon fell "in the category of 'attenuated contacts' insufficient in themselves to establish the defendants purposefully availed themselves of the benefits and protections of the forum's law." (*Id.* at 761.) The court relied on the fact that defendant's only connections with Oregon were contacts regarding the sale of a product, i.e. defendant's response to plaintiff's solicitation for a filter, defendant's telephone conversations with plaintiff, defendant's mailing the invoice to plaintiff and plaintiff's payment. (*Id.* at 760-61.)

Columbia did not call California Plaintiffs or Trimac, they did not mail remit payment to California, and they did not solicit business from California that resulted in Plaintiffs' injuries, nor did California Plaintiffs solicit business from Columbia in Washington State. Thus, it would be unreasonable to claim that "but for" Columbia's transaction with a Pennsylvania company that the accident would not have happened to a California resident in Washington State, because Columbia's connection to California in this case does not exist. Rather, Columbia had an agreement with R&H, which agreement does not specify from where products will be shipped. And, while it may be proper for California to assert jurisdiction over R&H (indeed they have sought California jurisdiction through removal), it is not proper for California to assert jurisdiction over a party who had no involvement in establishing that California contact. Columbia does not have offices, employees, or property in California, did not place orders for bulk latex directly too California, did not ask R&H to ship the latex from California, was unaware from where the bulk latex would be shipped, did not request California Trimac do the shipping, did not pay for their latex in California, and did not return products to California.

The fact that Plaintiff departed for Washington from California and had an accident in Washington are not contacts established by Columbia, rather they stem from an agreement between R&H and Trimac, to which contract Columbia was never a party and to which contract formation Columbia did not participate. Therefore, the "but for" connection that was realized in *Gray* (which ultimately did not result in jurisdiction) is inapplicable here, and even if it were to be found, Columbia's contacts with California are unreasonably attenuated to invoke jurisdiction.

-11-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

C.     **ACTS COMMITTED OUTSIDE THE FORUM STATE DO NOT WARRANT JURISDICTION.**

If the nonresident defendant operates entirely outside the forum state, the mere fact that its acts "cause an effect" within the state, or even that such effect was "foreseeable," is not enough by itself to support local personal jurisdiction. Rather, the three-part test of limited jurisdiction, above, must be met. It must be shown that the act was "purposeful"; that the lawsuit "arises from" such act; and that the exercise of jurisdiction "comports with fair play and substantial justice." (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 478; and see *Sibley v. Sup.Ct.* (1976) 16 Cal.3d 442.) Furthermore, the "causing and effect" requirement is not met simply through residence. It is not enough that plaintiff resides in the forum state and may feel effects there. The defendant must direct the tortious activity to the forum state. (*Casualty Assurance Risk Ins. Brokerage Co. v. Dillon* (9th Cir. 1992) 976 F.2d 596, 601; *IMO Industries, Inc. v. Kiekert AG* (3rd Cir. 1998) 155 F.3d 254, 263-265.)

In determining where injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences ... such as pain and suffering, economic effects or other "collateral consequences" that often stem from actual injury. (*Jobe v. ATR Marketing, Inc.* (5th Cir. 1996) 87 F.3d 751, 754; *Rittenhouse v. Mabry* (5th Cir.1987) 832 F.2d 1380, 1384 – plaintiff's continuing pain and discomfort suffered in Mississippi following her return to the state after injury did not qualify as a tortious occurrence in Mississippi; *Estate of Portnoy v. Cessna Aircraft Co.* (5th Cir.1984) 730 F.2d 286, 290 - a tort occurs when and where the actual injury or accident takes place, but does not occur at the site of the economic consequences of that injury.)

Here, as has been discussed, Plaintiffs do not meet the three prong test for limited jurisdiction, or even two of the three prongs. Because the operative facts of this case are all outside of California and the accident happened in Washington, Plaintiffs must rely on an argument that Columbia's conduct caused an effect in California. However, as noted above, the fact that a plaintiff resides in California and may have received treatment or continues to feel the effects of an injury that occurred in Washington simply is not enough to establish California jurisdiction over Columbia.

//

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-12-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
UNITED STATES DISTRICT COURT – OAKLAND DIVISION - CASE NO. C07-04263-BZ

## IV. CONCLUSION

Based on the foregoing argument, attached declaration and exhibits and any other such evidence that may be presented at hearing, it is hereby respectfully requested that Columbia's Motion to Dismiss be granted at to Defendant Columbia only.

DATED: October 9, 2007

JENKINS GOODMAN NEUMAN & HAMILTON LLP

By: _____
ZACHARY S. TOLSON
Attorneys for Defendant
COLUMBIA PAINT & COATINGS

f:\docs\jsg\ali v. trimac (columbia paint)\pleadings\federal motion to dismiss\motion to dismiss.mpa.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-13-