Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

1  MERRILL G. EMERICK, ESQ. (SBN 117248)
   ROBERT MILTON DESKY, ESQ. (SBN 22977)
2  **ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
   400 South El Camino Real  Suite 700
3  San Mateo, California  94402
4  Telephone (650) 348-0102
   Facsimile (650) 348-0962
5  Attorneys for Plaintiffs
6  SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

7  CHRISTOPHER F. JOHNSON, ESQ.
   RICHARD M. OZOWSKI, ESQ.
8  MARANGA-MORGENSTERN
9  88 Kearny Street, Suite 1475
   San Francisco, California 94108
10 Telephone:  (415) 248-5315
   Facsimile:   (415) 248-5314
11 Attorneys for Defendants TRIMAC TRANSPORTATION
12 SERVICES, INC. and ROHM AND HAAS COMPANY

13

14                     UNITED STATES DISTRICT COURT

15               CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

16

17 SHEIK ZAHID ALI and SAFIYA ZAYNA   )   Case No.: 3:07-CV-04263-JSW
   ALI,                               )
18                                    )
                                      )   JOINT CASE MANAGEMENT
19          Plaintiffs,               )   CONFERENCE STATEMENT AND FED.
                                      )   RULES OF CIV. PROC.26(f) REPORT
20 vs.                                )
                                      )   Date:  December 21, 2007
21                                    )   Time:  1:30 p.m.
   TRIMAC TRANSPORTATION SERVICES     )   Dept:  Courtroom 2
22 (WESTERN), INC.; COLUMBIA PAINT &  )          17TH Floor, Federal Building
   COATINGS; and DOES 1 to 100,       )          San Francisco, California
23                                    )   Judge: The Honorable Jeffrey S. White
24          Defendants.                )
                                      )
25                                    )
                                      )
26 _____)

27         Pursuant to Federal Rules of Civil Procedure 26, Plaintiffs SHEIK ZAHID ALI and

28 SAFIYA ZAYNA ALI and Defendants TRIMAC TRANSPORTATION SERVICES

- 1 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

1  (WESTERN), INC. and ROHM AND HAAS COMPANY jointly submit the following Case
2  Management Statement and Rule 26(f) Report.
3  **1.	Jurisdiction and Service:**
4  
5  The basis for the District Court's subject matter jurisdiction is diversity of citizenship in
6  that the Plaintiffs are residents of the State of California and Defendants TRIMAC
7  TRANSPORTATION SERVICES (WESTERN), INC. ("TRIMAC") and ROHM AND HAAS
8  COMPANY ("ROHM") are residents of Canada and Delaware, respectively.  Defendant TRIMAC
9  removed the case for diversity of citizenship.  An additional defendant, COLUMBIA PAINT &
10 COATINGS was voluntarily dismissed by Plaintiffs.  No issues remain regarding personal
11 
12 jurisdiction or venue.  As of this time, no additional parties remain to be served.  If any additional
13 parties are to be served, such parties are proposed to be served on or before May 1, 2008.
14 **2.	Facts:**
15 
16 Plaintiff SHEIK ZAHID ALI and his wife, SAFIYA ZAYNA ALI are residents of Alameda
17 County, California.  After being informed of a job opportunity of becoming a tractor driver hauling
18 tankers operated by Defendant TRIMAC, Plaintiff SHEIK ZAHID ALI at the invitation of a family
19 friend Iftikar Ali, in the Spring of 2006 accompanied Iftikar on TRIMAC deliveries as an unpaid
20 observer.  Iftikar Ali was a contractor who owned a truck/tractor who contracted with TRIMAC for
21 
22 hauling tankers containing various types of products, including in this instance, liquid bulk latex to
23 be hauled in the tanker owned by TRIMAC and manufactured in the paint plant of ROHM in
24 LaMirada, California.  Plaintiff SHEIK ZAHID ALI rode with Iftikar for a 1-1/2 to 2 month period
25 beginning in March 2006 in Iftikar Ali's truck, and was told that he might also become a driver
26 working with a truck owner contracting with TRIMAC.
27 
28 

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

      The informal training sessions involved trips up and down the West Coast including deliveries in the tanker of bulk latex paint to Spokane, Washington where a plant owned by COLUMBIA PAINT & COATINGS was situated.

      SHEIK ZAHID ALI was told he should apply to TRIMAC at its facility in Hayward, California to qualify as the driver of a tractor, i.e., a towing truck that would haul TRIMAC owned tankers. SHEIK ZAHID ALI was hired by his brother-in-law Intaz Ali who owned two tractors and hauled TRIMAC tankers on a contract basis. After two or three days SHEIK ZAHID ALI was called in for an interview and was told he could start driving after training by TRIMAC. He had three days of training sessions from 8:00 a.m. to 5:00 p.m. at the TRIMAC facility in Hayward, California. According to Plaintiff SHEIK ZAHID ALI and other witnesses who the Plaintiff believes will so testify, the training sessions covered subjects such as safety, roads, maintenance of a log book, customer relationships and delivery records but there was no instruction in the delivery of bulk loads, procedures if a leak occurred or emergency measures if a leak occurred during the unloading or pumping out of a tanker at the point of delivery. There will be contrary testimony in whole or in part by Defendants.

      Another issue is that the training manuals and instruction materials which were in written form did not cover the issues or hazards of unloading.

      After SHEIK ZAHID ALI was employed by Intaz Ali as a driver for TRIMAC loads SHEIK ZAHID ALI made a trip to Spokane, Washington on July 5, 2006 carrying ROHM produced latex paint. This trip proved uneventful. On a second trip to the COLUMBIA PAINT & COATINGS' plant in Spokane, Washington SHEIK ZAHID ALI after an overnight stay and under the supervision of the yard master for COLUMBIA PAINTS, hooked up the tanker for pumping out the liquid bulk latex. Approximately 15 minutes into this procedure which ordinarily takes the

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

1  greater part of an hour, SHEIK ZAHID ALI believed that he heard a leak, and to try to determine
2  its cause, he went on top of the tanker, checked one of the six or seven inch diameter caps and was
3  propelled off the top of the tanker.  Evidence indicates the cap flew off and struck him in the head
4  and he fell approximately 18 feet to the ground.  He suffered severe injuries to his head and body
5  that placed him in Spokane, Washington General Hospital in a coma for the following 10 days and
6  has been unemployable, unable to drive and inactive, continuing for sixteen months after the date
7  of the accident, July 16, 2006.  He has incurred serious and disabling permanent injuries.

        Issues arising in regard to the TRIMAC tanker which was an older model, were that it had a narrow walkway and was slippery.  While SHEIK ZAHID ALI was provided with gloves and safety goggles, he was not provided with a helmet or safety belt and there were no rails or attachments on the top of the tanker to which a safety belt could have been attached.

        Due to discovery in the state court TRIMAC and ROHM AND HAAS counsel has already been provided with extensive medical records including emergency treatment right after the accident at the Deaconess Medical Center in Spokane, Washington as well as those of local physicians and other medical providers including therapists who have continued the extensive treatments which are required due to the injury.

        SHEIK ZAHID ALI is unstable, suffers loss of sleep deprivation including initially a serious threat of falling whenever he gets up, is unstable in his gait, is unable to drive a car, has lost considerable sensation on the right side of his head, has frequent headaches which are brought on interfering with thought processes, has been dizzy with any physical exertion, has neck pain and is depressed.   He cannot venture out of his residence unless accompanied by his wife or another attendant.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

His wife has suffered loss of consortium as well as time lost from her job and other economic damages which will be the subject of further discovery. Defendants reserve the right to challenge the extent, duration and economic consequence of Plaintiff SHEIK ZAHID ALI's injuries.

**3.  Legal Issues:**

1. Plaintiffs' claim that TRIMAC and ROHM AND HAAS were negligent from the standpoint of the operation of the tanker with an improperly secured load whereby the cap flew off, propelled Plaintiff SHEIK ZAHID ALI to the concrete surface of the COLUMBIA yard and caused the serious injuries incurred by Plaintiff and loss of consortium and economic injuries to his wife. Defendants deny such negligence and in the event that any negligence existed, assert that Plaintiff himself and his wife derivatively are barred or their recovery can and should be reduced under the doctrine of comparative negligence.

2. Issues exist concerning causation as to the cause or multiple causes whereby the cap flew off and Plaintiff SHEIK ZAHID ALI was propelled off the top of the tanker including the following:

A. Inadequate or non-existent training which will be denied and controverted by Defendants.

B. Failure to provide proper safety measures in connection with necessary operations involving the unloading of the bulk latex cargo of the tanker, which will be likewise denied and controverted.

C. Whether there was an appropriate response by SHEIK ZAHID ALI to the perceived leak situation.

- 5 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

D. Plaintiffs' claim that the equipment, including the cap itself or the threads on the tanker were defective, were improperly placed or secured, that the threads were defective or worn or that other malfunction existed which was the fault of TRIMAC or ROHM which loaded the tanker. Defendants dispute the existence of a defect and deny that the conditions were the proximate or alleged cause of the accident.

An issue which will be raised by both TRIMAC and ROHM with regard to Plaintiffs' product liability claim is that neither defendant is the producer of a product and that Plaintiffs are not properly qualified legally to complain of the alleged defect in the product since they were not purchasers or users of the product and since the alleged damages to Plaintiffs did not occur in the context of its sale or distribution.

**4.  Motions:**

There are no prior, pending or anticipated motions. The depositions and discovery of COLUMBIA PAINT & COATINGS' personnel and records at its Spokane, Washington facility will proceed on a stipulated basis.

**5.  Amendment of Pleadings:**

None contemplated; recommended deadline is July 1, 2008.

**6.  Evidence Preservation:**

TRIMAC has indicated that the cap to the tanker truck involved in the July 16, 2006 incident and the tanker itself are or will be available for inspection at a joint inspection. The parties have agreed to preserve evidence.

**7.  Disclosures:**

Both Plaintiffs and Defendants believe that on the basis of prior conversations as well as on the basis of the joint dictation of this Statement, there is full and timely compliance with all initial

- 6 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

disclosure requirements of Federal Rules of Civil Procedure 26. The disclosures made are described and set forth in the present Statement.

**8.    Discovery:**

TRIMAC has undertaken and received answers to requests for production, form interrogatories and special interrogatories served at the time when the action was still pending in the state court, i.e., the Superior Court of the County of Alameda. Removal took place before Plaintiffs' discovery requests could be responded to by any defendants. In regard to a proposed discovery plan Plaintiff will serve an extensive request for production for TRIMAC and ROHM for documents relative to bulk liquid hauling operations, superintendence and maintenance of equipment, the training of contract haulers and personnel of contract haulers and all facts and reports otherwise non-privileged that had been obtained or recorded regarding the July 16, 2006 incident which resulted in injuries and damages to Plaintiffs, plus other matters not yet determined.

Proposed discovery by way of depositions will include the manager of the TRIMAC Hayward, California facility, the manager in charge of personnel training and the manager or person responsible for equipment maintenance. Similar personnel will also be deposed of ROHM. By stipulation, the depositions of COLUMBIA personnel including the person responsible for the maintenance and operation of its pumping equipment and the yard master or supervisor on duty on July 16, 2006 will be deposed as well as written discovery conducted concerning COLUMBIA PAINTS' records of the accident including in such instance all non-privileged reports, correspondence and other documents.

Defendants contemplate depositions of Plaintiffs SHEIK ZAHID ALI, his wife SAFIYA ZAYNA ALI and those persons with whom SHEIK ZAHID ALI was associated, including Iftikar Ali who provided him preliminary volunteer training and Intaz Ali who was the contractor who

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages

owned the tractor that hauled the tanker involved in the July 16, 2006 incident. Furthermore, it is contemplated there will be extensive medical discovery, plus other witnesses whose identity may be discerned.

Further discovery will also involve expert consultants including the mechanical engineer Frank Perez of Boster Kobayashi retained on behalf of Plaintiffs, David Rondinone, Ph.D. of Berkeley Engineering and Research retained on behalf of defendants as well as other experts who may need to be designated dependent upon the facts developed concerning the occurrences surrounding and the causation of the July 16, 2006 incident.

Medical experts will also be retained on both sides and deposed. Defendants do not concede the extent of such injuries and reserve the right to oppose such medical claims and call their own experts as well as conduct appropriate physical examinations of Plaintiff SHEIK ZAHID ALI through such experts.

**9.   Class Actions:**

There is no class action and none is contemplated.

**10.   Related Cases:**

None.

**11.   Relief:**

The relief sought through the complaint will constitute damages for loss of earnings, pain and suffering, compensation for medical expenses, including derivative claims of medical providers, future loss of earnings, impairment, future medical or physical care, therapy and future medical treatment including future medical procedures and associated care.

Due to the need for further discovery and examination, as well as the progress of ongoing medical treatment, it is not possible to provide any firm calculation of the amount of damages at

- 8 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

this time except that the Statement of Damages filed in the state court assigned a figure of $10 Million Dollars. Defendants reserve the option to contest Plaintiffs' damage claims.

12. **Settlement and ADR:**

Mediation is being selected to take place after discovery and evaluation of the extent and prognosis of injuries has taken place.

13. **Consent to Magistrate Judge for all Purposes:**

Rejected by Plaintiffs.

14. **Other References:**

Not suitable nor is there any need for the judicial panel on multi-district litigation. Defendants agree.

15. **Narrowing of Issues:**

In light of the extent of future discovery counsel consider it premature to consider whether issues can be narrowed by agreement or motion at this time.

16. **Expedited Schedule:**

No objection if it becomes feasible after basic discovery is concluded.

17. **Scheduling:**

Proposed dates for designation of experts. With regard to scheduling, the counsel for parties propose the following dates which they believe are predicated upon a realistic appraisal of the status of litigation: (a). Designation of Experts – July 1, 2008; (b) Discovery Cut-Off - October 1, 2008; (c) Hearing of Dispositive Motions - October 1, 2008; (d) Pre-Trial Conference - November 14, 2008; (e) Trial - December 8, 2008.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT

1  **18.    Trial:**

2  Jury trial, based on jury demands by Plaintiffs and Defendants. Expected length of the trial:

3  from 5 to 8 days.

4  **19.    Disclosure of Non-Party Interested Entities or Persons:**

5

6  The parties have filed the certification of interested entities or persons in stating that there

7  are no other interested entities or persons. Neither plaintiffs nor defendants based upon review of

8  this subject are able to identify any such persons, firms, partnerships, corporations (including

9  parent corporations) or other entities. There are certain providers of medical care who retain a right

10  of reimbursement for any recovery. Plaintiffs do not believe that this kind of disclosure is intended

11  to be required. If so, such disclosure will be made.

12  **20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

13  No such matters can be determined at this time.

14  **IT IS SO STIPULATED:**

15  DATED: December 14, 2007

16  ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

17  By:/s/_____
    MERRILL G. EMERICK
    ROBERT M. DESKY, Attorneys for Plaintiffs
    SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

18  DATED: December 13, 2007

19  MARANGA MORGENSTERN

20  By:/s/_____
    CHRISTOPHER F. JOHNSON,
    RICHARD M. OZOWSKI, Attorneys for Defendants
    TRIMAC TRANSPORTATION SERVICES (WESTERN),
    INC. and ROHM AND HAAS COMPANY

- 10 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND FED. RULES OF CIV. PROC. 26(f) REPORT