

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

MERRILL G. EMERICK, ESQ. (SBN 117248)
ROBERT MILTON DESKY, ESQ. (SBN 22977)
**ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
400 South El Camino Real Suite 700
San Mateo, California 94402
Telephone (650) 348-0102
Facsimile (650) 348-0962

Attorneys for Plaintiffs
SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

| | |
|---|---|
| SHEIK ZAHID ALI and SAFIYA ZAYNA ALI,<br><br>Plaintiffs,<br><br>vs.<br><br>TRIMAC TRANSPORTATION SERVICES (WESTERN), INC., a Delaware Corporation; ROHM AND HAAS COMPANY, a Pennsylvania Corporation,<br><br>Defendants. | Case No.: 3:07-CV-04263-JSW<br><br>FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY |

Plaintiffs SHEIK ZAHID ALI and SAFIYA ZAYNA ALI allege:

1. Plaintiffs are and at all times herein mentioned were citizens of the State of California.

- 1 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

2. Defendants TRIMAC TRANSPORTATION SERVICES (WESTERN), INC. (hereinafter "TRIMAC") and ROHM AND HAAS COMPANY (subsequently added as a defendant by Amendment of the Complaint in the State Court, hereinafter "ROHM AND HAAS") effected removal of this action from the Superior Court in and for the County of Alameda, State of California to the United States District Court for the Northern District of California, Oakland Division where it is now pending.

3. Subsequent to such removal, by Stipulation, the action was dismissed without prejudice against Defendant COLUMBIA PAINT & COATINGS.

4. As a result of such removal, this action is pending in this Court. As stated in such Notice of Removal, TRIMAC was and is a citizen of the State of Delaware, the place of its incorporation, and the Province of Alberta, Canada, the domiciled location of its principal place of business.

5. Defendant ROHM AND HAAS as stated in such Notice of Removal, was and is a citizen of the State of Delaware, the place of its incorporation, and the Commonwealth of Pennyslvania, the domiciled location of its principal place of business.

6. By reason of the foregoing, jurisdiction of this Court over the subject matter of this action is predicated upon 28 USC 1332 and in that the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity of citizenship.

7. Venue is properly in this Court because TRIMAC operates a terminal in the City of Hayward, County of Alameda and Plaintiff SHEIK ZAHID ALI was dispatched out of that facility to transport TRIMAC's tanker trailer from Los Angeles County to Spokane, Washington where the accident occurred.

- 2 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

Plaintiffs allege the following causes of action against such Defendants, and each of them.

**FIRST CAUSE OF ACTION**

(Against Defendant TRIMAC)
(Statutory Liability by Failure to Provide Workers' Compensation
in Violation of California Labor Code Sections 3706-3709)

8. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 7, inclusive as though set forth in full.

9. On or about May 18, 2006 Defendant TRIMAC hired Plaintiff SHEIK ZAHID ALI (hereinafter "SHEIK ALI") as a driver for a tractor for the purpose of hauling TRIMAC fleet tankers engaged in the business of transporting and delivering bulk commodities including bulk liquid latex paint. TRIMAC operated and still operates a fleet of tractor hauled tankers throughout the United States and Canada including the State of California from a terminal operation located in Alameda County at Hayward, California.

10. In hiring Plaintiff SHEIK ALI Defendant TRIMAC utilized as a strawman a purported independent contractor by the name of Intaz Ali to whom it had leased a tractor equipped to haul a TRIMAC tanker trailer. TRIMAC itself owned and retained full control over the operation, contracts, routes, hauling, schedules, terminals, training and scheduling of drivers, delivery arrangements and collection of compensation for bulk commodity deliveries including that for liquid latex paint. This purported independent contractor, Intaz Ali, was himself under the control and domination of Defendant TRIMAC, which besides leasing him a tractor, arranged all scheduling, delivery assignments, collections and arrangements for operation of the TRIMAC tractor and the TRIMAC tankers which it hauled. At all times material Intaz Ali was the employee

- 3 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

and agent of Defendant TRIMAC and was acting in the course and scope of said agency and employment.

11. Defendant TRIMAC by its own officers and employees and on occasion through Intaz Ali acting as its agent or employee arranged for Plaintiff SHEIK ALI to drive a tractor leased from TRIMAC hauling a tanker owned by TRIMAC for the purpose of making bulk commodity deliveries to Defendant TRIMAC' s selected designations, under conditions where Plaintiff SHEIK ALI was entitled to but was denied the status and benefits of an employee including, but not limited to, the willful failure to provide him with workers' compensation coverage. California has a significant and substantial interest in employers providing their employees with workers' compensation insurance where its citizens are hired as employees in California to provide services and perform work in California by employers doing business in California so that California law applies.

12. The circumstances requiring workers' compensation coverage which was denied to Plaintiff SHEIK ALI include but are not limited to the following:

Plaintiff SHEIK ALI had no place of business and worked from and was dispatched out of Defendant TRIMAC's Hayward, California terminal;

he provided no tools or other work implements and utilized only a tractor leased from Defendant TRIMAC by Intaz Ali and the tanker trailer owned by TRIMAC for performing his duties;

he submitted a work application, was selected as a driver, was tested and was determined to be qualified by Defendant TRIMAC which provided such tests through its employees, agents and staff;

- 4 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

he was required to obtain and to have in his possession a commercial driving license for heavy trucking equipment to meet federal qualifications as a fleet truck driver;

he did not determine any of his own schedules but was sent out entirely on orders from Defendant TRIMAC and its employees including the scheduling of trips to pick up bulk commodities including liquid latex paint, transport those commodities and deliver them and obtain a receipt for the delivery; and

he did not receive compensation from the persons or entities who received deliveries of such commodities, but as a purported independent contractor to Intaz Ali, he was paid a stated sum per trip without any federal or state withholding. All of such deliveries for commercial purposes were arranged by TRIMAC as part of its operation of its nationwide and Canadian trucking fleet; all inspections and maintenance of equipment were conducted by Defendant TRIMAC and Plaintiff SHEIK ALI had no voice in or control over the type of equipment assigned to him, its inspection, the quality of maintenance, or the schedules by which he was dispatched to make such deliveries.

13. When Plaintiff SHEIK ALI on July 19, 2006 was acting as a driver in the course and scope of his employment by Defendant TRIMAC and was making a delivery from a ROHM AND HAAS manufacturing plant in LaMirada, California to a terminal owned by Columbia Paint & Coatings in Spokane, Washington, the hazardous, unsafe and deleterious conditions that existed in connection with Defendant TRIMAC's tanker resulting from Defendant TRIMAC's unsafe and defectively maintained and inspected equipment, inadequate training, failure to provide safety or emergency measures or precautions and other conditions caused or resulted in Plaintiff being struck by a cap on Defendant TRIMAC's tanker projected by pressure, striking him in the head and causing him to fall from the top of the tanker 10 feet to the concrete pavement below.

- 5 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

14. Plaintiffs' injuries are a direct and legal result of the July 19, 2006 accident. They required admission of Plaintiff SHEIK ALI in a coma to Deaconess Medical Center in Spokane, Washington where he remained in a coma for over a week with multiple fractures including a basal skull fracture, a large epidural hematoma that had to be relieved surgically and other serious injuries including a fractured arm, injuries to his back and neck and other serious injuries to limbs, the nervous system, hearing, eyesight, and the overall mental and physical condition of Plaintiff SHEIK ALI. Subsequent medical reports and evaluations 1-3/4th's years after the accident establish the existence of serious brain damage of a permanent nature, substantially impairing cognition, the ability to recall, imposing physical limitations on normal life activities and seriously impairing the emotional stability of Plaintiff. These result in the continuing inability of Plaintiff to care for himself if left alone without a companion, to drive, to engage in any gainful occupation or employment, to suffer loss of sleep, instability, frequent headaches, constant vertigo, continuing pain and suffering and lasting injuries including the after effects of such injuries previously requiring at least one or more further operations as well as extensive further present and future medical and physical care.

15. As the wife of Plaintiff SHEIK ALI, Plaintiff SAFIYA ZAYNA ALI has suffered a loss of consortium legally caused by the conditions perpetrated by Defendant TRIMAC as previously alleged.

16. The Defendant TRIMAC failed to provide for or secure the payment of workers' compensation to Plaintiff SHEIK ALI in violation of California Labor Code Section 3706 through 3709. Defendant TRIMAC is liable under such statutes for its failure to provide for and secure the

- 6 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

payment of workers' compensation to Plaintiff. Plaintiff ZAHID ALI and his wife and dependent Plaintiff SAFIYA ZAYNA ALI are entitled to bring this action for damages under such statutes.

17. Under such statutes, specifically Labor Code Section 3708, the injury to Plaintiff is presumed to have been caused by the negligence of Defendant TRIMAC and the burden of proof is upon such Defendant to rebut such presumption of negligence, nor is such Defendant entitled to raise any defense that Plaintiff SHEIK ALI was allegedly guilty of comparative negligence or had assumed the risk of any hazard complained of in this Complaint, the existence of each of which is denied.

18. Plaintiff SHEIK ALI and SAFIYA ZAYNA ALI are further entitled to an award of reasonable attorneys' fees as fixed by the Court as specifically provided in and by Labor Code Section 3709.

19. Plaintiffs as the direct and legal result of such statutory violations by Defendant TRIMAC have been proximately caused damages in the following estimated amounts:

| | |
|---|---|
| General Damages for permanent physical injuries, worry, pain, suffering and emotional distress: | $10,000,000 |
| Past Medical expenses: | $ 125,000 |
| Past and future loss of wages: | $ 2,000,000 |
| Future medical treatment and care: | $ 500,000 |
| Loss of consortium: | $ 1,000,000 |
| The reasonable value of services to Plaintiff SHEIK ALI by Plaintiff SAFIYA ZAYNA ALI for full and part-time care: | $ 75,000 |

- 7 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

**SECOND CAUSE OF ACTION**

(Against Defendant TRIMAC)
(Statutory Liability by Failure to Provide Safe Place of Employment
in Violation of California Labor Code Sections 6400-6404)

20. Plaintiffs reallege and incorporate by this reference Paragraphs 1 through 19, inclusive, as though set forth in full.

21. Under California Labor Code Section 6400 through 6404 every employer situated in California is required to provide a place of employment that is safe and healthful for its employees and is likewise precluded from maintaining any place of employment that is not safe and healthful. The duty to provide such place of employment extends not only to common law employees, but to independent contractors and members of the public who are exposed to hazards that render such place of employment unsafe or unhealthful. Such statutory liability extends to an employer who exposes employees, independent contractors or members of the public to such hazards so as to cause injury or damage such as that suffered by Plaintiffs.

22. When Plaintiff SHEIK ALI on July 19, 2006 was acting as a driver in the course of making a delivery from LaMirada, California to a terminal owned by Columbia Paint & Coatings in Spokane, Washington, the hazardous, unsafe and deleterious conditions that existed in connection with such tanker owned by Defendant TRIMAC caused Plaintiff SHEIK ALI to fall 10 feet from the top of TRIMAC's tanker as a direct and legal result of Defendant TRIMAC's providing unsafe and defectively selected, maintained and inspected equipment, its inadequate training and instruction, its failure to provide safety or emergency measures or precautions and other conditions causing Plaintiff to be struck by a cap projected by pressure, striking him in the

- 8 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

head and causing him to fall from the top of Defendant TRIMAC'S tanker 10 feet to the concrete pavement below.

23. As a direct and legal result of the statutory violations by Defendant TRIMAC, Plaintiffs have sustained and suffered those serious injuries and damages previously alleged in Paragraphs 14, 15 and 19 of the First Cause of Action of this Complaint.

**THIRD CAUSE OF ACTION**

(Against Defendants TRIMAC and ROHM AND HAAS)
(Liability for Negligence)

24. Plaintiffs reallege and incorporate by this reference Paragraphs 1 to 23, inclusive as though set forth in full.

25. When Plaintiff SHEIK ALI on July 19, 2006 was acting as a driver in the course of making a delivery from LaMirada, California to a terminal owned by Columbia Paint & Coatings in Spokane, Washington, Defendants TRIMAC and ROHM AND HAAS negligently caused the hazardous, unsafe and deleterious conditions that existed in connection with such tanker proximately causing Plaintiff SHEIK ALI to fall 10 feet from the top of Defendant TRIMAC's tanker, legally caused by such Defendants' unsafe and defectively selected, maintained, inspected and improperly loaded equipment, inadequate training, failure to provide safety or emergency measures or precautions and other conditions causing Plaintiff to be struck by a cap projected by pressure, striking him in the head and causing him to fall from the top of the tanker 10 feet to the concrete pavement.

26. Defendant ROHM AND HAAS negligently failed to secure the liquid latex paint load when it loaded the TRIMAC tanker involved in the accident, and in doing so, was and is guilty of failure to observe reasonable care and precautions.

- 9 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

27. Such acts and conditions caused by such Defendants were and are the direct and legal cause of the damages suffered by Plaintiffs and each of them as previously alleged.

28. Plaintiffs as a result of such violations by Defendants TRIMAC and ROHM AND HAAS have sustained and suffered those serious injuries and damages previously alleged in Paragraphs 14, 15 and 19 of the First Cause of Action of this Complaint.

**FOURTH CAUSE OF ACTION**

(Against Defendant TRIMAC)
(Products Liability)

29. Plaintiffs reallege and incorporate by this reference Paragraphs 1 to 28, inclusive of this First Amended Complaint as though set forth in full.

30. In providing the tanker which the tanker transported and supplied with liquid latex paint loaded and unloaded under pressure, without adequate warning, without any adequate release valve, with cap and threads fouled with dried latex paint and other debris, without a pressure gauge and without a safe working platform under circumstances where such tanker was being utilized well beyond its useful life so as to be in a hazardous and unsafe condition, Defendant TRIMAC provided a product that was hazardous to members of the public including but not limited to, Plaintiff SHEIK ALI. Such hazardous products were made more dangerous by the use of unsafe equipment, improper precautions, improper instructions and other unsafe and inadequate measures by Defendant TRIMAC, which failed to protect Plaintiff and members of the public from such defective product.

31. Such defective product was known to have been utilized without inspection for defects by Plaintiff SHEIK ALI or others receiving such product and such product was defective when it left the control of Defendant TRIMAC.

- 10 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

32. The product at the time of injury to the Plaintiff SHEIK ALI was being used in a manner that was reasonably foreseeable by Defendant TRIMAC as involving a substantial danger not readily apparent to Plaintiff and adequate warnings of the danger of such product were not given to Plaintiff who was both a user and bystander of the dangerously defective product and suffered damages caused by such defective product.

33. Plaintiffs' damages and injuries were the direct and legal result of such dangerously defective products supplied to Plaintiff by Defendant TRIMAC as hereinbefore alleged, all in violation of its duties to Plaintiffs SHEIK ALI and to his wife SAFIYA ZAYNA ALI.

34. Plaintiffs as a direct and legal result of such violations by Defendant TRIMAC have sustained and suffered those serious injuries and damages as alleged in Paragraphs 14, 15 and 19 of the First Cause of Action of this Complaint.

WHEREFORE, Plaintiffs demand judgment as follows:

As against Defendants TRIMAC and ROHM AND HAAS:

1. Damages in the following amounts:

| | |
|---|---|
| General Damages for permanent physical injuries, worry, pain, suffering and emotional distress: | $10,000,000 |
| Past Medical expenses: | $ 125,000 |
| Past and future loss of wages: | $ 2,000,000 |
| Future medical treatment and care: | $ 500,000 |
| Loss of consortium: | $ 1,000,000 |
| The reasonable value of services to Plaintiff SHEIK ALI by Plaintiff SAFIYA ZAYNA ALI for full and part-time care: | $ 75,000 |

- 11 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

2. As against Defendant TRIMAC, attorneys' fees on the First Cause of Action as provided by Labor Code Section 3709.

3. As against Defendants TRIMAC and ROHM AND HAAS, costs of suit; and

4. As against Defendants TRIMAC and ROHM AND HAAS, for such other relief as the Court deems proper.

DATED: May 28, 2008

ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

By:_/s/___________________________________

MERRILL G. EMERICK,
ROBERT M. DESKY, Attorneys for Plaintiffs
SHEIK ZAHID ALI and SAFIYA ZAYNA ALI
400 South El Camino Real, Suite 700
San Mateo, California 94402
Tele: (650) 348-0102
E-Mail: memerick@afeslaw.com

- 12 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: June 6, 2008

ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

By:_/s/________________________________________

MERRILL G. EMERICK,
ROBERT M. DESKY, Attorneys for Plaintiffs
SHEIK ZAHID ALI and SAFIYA ZAYNA ALI
400 South El Camino Real, Suite 700
San Mateo, California 94402
Tele: (650) 348-0102
E-Mail: memerick@afeslaw.com

- 13 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

Case Name: Sheik Zahid Ali and Safiya Zayna Ali v. Trimac Corporation, et al.
Court: Alameda County Superior Court
Case No.: HG-07-314291

**PROOF OF SERVICE**

I declare that:

I am a resident of the County of San Mateo and am over the age of eighteen years and not a party to the within entitled action; my business address is 400 So. El Camino Real Suite 700, San Mateo, California 94402.

On the date below, I caused to be served the attached:

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Christopher F. Johnson, Esq.
MARANGA MORGENSTERN
88 Kearny Street, Suite 1475
San Francisco, California 94108
Telephone: (415) 248-5315
Facsimile: (415) 248-5314
**Attorneys for Defendants TRIMAC TRANSPORTATION SERVICES, INC. and ROHM AND HAAS COMPANY**

Uninsured Employers Fund*
1515 Clay Street, 17th Floor
Room 1700
Oakland, California 94612

on the party(ies) below in said action:

**[XX]** **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope, following ordinary business practices, for deposit with the United States Postal Service at my place of business as set forth above, addressed to the person(s) listed above. I am readily familiar with this business practice for collection and processing of correspondence for mailing within the United States Postal Service. In the ordinary course of business, such correspondence would be deposited with the United States Postal Service that same day.

**[XX]* BY CERTIFIED MAIL:**

**[ ]** **BY FACSIMILE:** I caused a copy of such document(s) to be sent via FACSIMILE Number(s):

- 14 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand **VIA ________________** to the offices(s) of the addressee(s) as indicated above.

[ ] **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered to Federal Express for overnight courier service to the office(s) of the above addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 6, 2008, at San Mateo, California.

/s/________________________________
JANET F. JENNINGS

- 15 -

FIRST AMENDED COMPLAINT FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE WORKERS COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 3706-3709; FOR STATUTORY LIABILITY FOR FAILURE TO PROVIDE SAFE PLACE OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 6400-6404; LIABILITY FOR NEGLIGENCE; AND PRODUCTS LIABILITY