1  ROBERT A. MORGENSTERN, ESQ. (SBN 94180)
   CHRISTOPHER F. JOHNSON, ESQ. (SBN 114177)
2  RICHARD M. OZOWSKI, ESQ. (SBN 219226)
   MARANGA • MORGENSTERN
3  A Professional Law Corporation
   88 Kearny Street, Suite 1475
4  San Francisco, CA 94108
   (415) 248-5315; Fax (415) 248-5314
5  rozowski@marmorlaw.com

6  Attorneys for Defendants,
   TRIMAC TRANSPORTATION SERVICES (WESTERN), INC. and
7  ROHM AND HAAS COMPANY

8                    UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND DIVISION

10

11 | SHEIK ZAHID ALI and SAFIYA ZAYNA     ) Case No.: 3:07-CV-04263-JSW
   | ALI,                                  )
12 |                                       ) DEFENDANTS' ANSWER TO FIRST
   |             Plaintiffs,               ) AMENDED COMPLAINT FOR
13 |                                       ) STATUTORY LIABILITY FOR FAILURE
   |                                       ) TO PROVIDE WORKERS
14 | vs.                                   ) COMPENSATION IN VIOLATION OF
   |                                       ) CALIFORNIA LABOR CODE SECTIONS
15 | TRIMAC TRANSPORTATION SERVICES        ) 3706-3709; FOR STATUTORY
   | (WESTERN), INC.; COLUMBIA PAINT &     ) LIABILITY FOR FAILURE TO PROVIDE
16 | COATINGS and DOES 1 to 100,           ) SAFE PLACE OF EMPLOYMENT IN
   |                                       ) VIOLATION OF CALIFORNIA LABOR
17 |             Defendants.               ) CODE SECTIONS 6400-6404; LIABILITY
   |                                       ) FOR NEGLIGENCE; AND PRODUCTS
18 |_____) LIABILITY

19

20         COME NOW Defendants TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.

21 ("Trimac") and ROHM AND HAAS COMPANY ("Rohm and Haas") (Trimac and Rohm and Haas

22 collectively, "Defendants"), and file this Answer ("Answer") to First Amended Complaint For

23 Statutory Liability For Failure to Provide Workers Compensation in Violation of California Labor

24 Code Sections 3706-3709; For Statutory Liability for Failure to Provide Safe Place of Employment

25 in Violation of California Labor Code Sections 6400-6404; Liability for Negligence; and Products

26 Liability ("First Amended Complaint"), as follows:

27 ///

28 ///

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

1. In response to paragraph 1 of the First Amended Complaint, Defendants admit all allegations therein.

2. In response to paragraph 2 of the First Amended Complaint, Defendants admit all allegations therein.

3. In response to paragraph 3 of the First Amended Complaint, Defendants admit all allegations therein.

4. In response to paragraph 4 of the First Amended Complaint, Defendants admit all allegations therein.

5. In response to paragraph 5 of the First Amended Complaint, Defendants admit all allegations therein.

6. In response to paragraph 6 of the First Amended Complaint, Defendants admit all allegations therein.

7. In response to paragraph 7 of the First Amended Complaint, Defendants admit that venue is proper in this Court. However, Defendants aver that venue is proper in this Court because the United States District Court for the Northern District of California embraces the County of Alameda, California, the county from which the state action was removed. All other of Plaintiffs' allegations within paragraph 7 are denied.

8. In response to paragraph 8 of the First Amended Complaint, Defendants admit all allegations expressly admitted in paragraphs 1-7 of the First Amended Complaint. To the extent any such allegations were not expressly admitted, Defendants deny same.

9. In response to paragraph 9 of the First Amended Complaint, Defendants admit that Trimac operated and still operates a fleet of tractors throughout the United States and Canada. Defendants further admit that some of Trimac's operations occur in Hayward, California. Defendants deny each and every remaining allegation contained therein.

10. In response to paragraph 10 of the First Amended Complaint, Defendants deny each and every allegation therein.

11. In response to paragraph 11 of the First Amended Complaint, Defendants deny

each and every allegation therein.

12. In response to paragraph 12 of the First Amended Complaint, Defendants deny each and every allegation therein.

13. In response to paragraph 13 of the First Amended Complaint, Defendants admit that Plaintiff Sheik Ali was making a delivery from a Rohm and Haas plant in La Mirada, California to Columbia Paint & Coatings in Spokane, Washington. Defendants deny each and every remaining allegation contained therein.

14. In response to paragraph 14 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies each and every allegation contained therein.

15. In response to paragraph 15 of the First Amended Complaint, Defendants deny each and every allegation therein.

16. In response to paragraph 16 of the First Amended Complaint, Defendants deny each and every allegation therein.

17. In response to paragraph 17 of the First Amended Complaint, Defendants deny each and every allegation therein.

18. In response to paragraph 18 of the First Amended Complaint, Defendants deny each and every allegation therein.

19. In response to paragraph 19 of the First Amended Complaint, Defendants deny each and every allegation therein.

20. In response to paragraph 20 of the First Amended Complaint, Defendants admit all allegations expressly admitted in paragraphs 1-19 of the First Amended Complaint. To the extent any such allegations were not expressly admitted, Defendants deny same.

21. In response to paragraph 21 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies each and every allegation contained therein.

22. In response to paragraph 22 of the First Amended Complaint, Defendants deny each and every allegation therein.

23. In response to paragraph 23 of the First Amended Complaint, Defendants deny each and every allegation therein.

24. In response to paragraph 24 of the First Amended Complaint, Defendants admit all allegations expressly admitted in paragraphs 1-23 of the First Amended Complaint. To the extent any such allegations were not expressly admitted, Defendants deny same.

25. In response to paragraph 25 of the First Amended Complaint, Defendants deny each and every allegation therein.

26. In response to paragraph 26 of the First Amended Complaint, Defendants deny each and every allegation therein.

27. In response to paragraph 27 of the First Amended Complaint, Defendants deny each and every allegation therein.

28. In response to paragraph 28 of the First Amended Complaint, Defendants deny each and every allegation therein.

29. In response to paragraph 29 of the First Amended Complaint, Defendants admit all allegations expressly admitted in paragraphs 1-28 of the First Amended Complaint. To the extent any such allegations were not expressly admitted, Defendants deny same.

30. In response to paragraph 30 of the First Amended Complaint, Defendants deny each and every allegation therein.

31. In response to paragraph 31 of the First Amended Complaint, Defendants deny each and every allegation therein.

32. In response to paragraph 32 of the First Amended Complaint, Defendants deny each and every allegation therein.

33. In response to paragraph 33 of the First Amended Complaint, Defendants deny each and every allegation therein.

34. In response to paragraph 34 of the First Amended Complaint, Defendants deny each and every allegation therein.

///
///

### AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

35. Plaintiffs are barred from recovery herein by reason of the fact that Plaintiffs' pleading, and each and every cause of action thereof, fails to state and Plaintiffs cannot prove facts sufficient to constitute a cause of action.

### AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

36. Plaintiffs' recovery as to any injury or damage suffered by Plaintiffs, if any, shall be diminished to the extent that such injury or damage was proximately cause by negligence or other tortious misconduct on the part of Plaintiffs.

### AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

37. Plaintiffs' recovery herein shall be diminished or barred in that the Plaintiffs failed to mitigate the damages complained of, if any there were, as said Plaintiffs failed to use reasonable diligence in caring for Plaintiffs' injuries and reasonable means to prevent aggravation and to accomplish the healing thereof.

### AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

38. That the tortious misconduct alleged in the First Amended Complaint, if any there was, was not a substantial factor in bringing about the alleged injuries and damages, and therefore, was not a contributing cause, but was superseded by tortious misconduct by one or more third parties whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

### AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

39. That the liability of Defendants, if any, for non-economic damages, if any, should be limited pursuant to the Fair Responsibility Act of 1986, Section 1431 of the <u>California Civil Code</u>, in direct proportion to this to this Defendants' percentage of negligence or fault, if any.

1  WHEREFORE, having fully answered, Defendants prays that Plaintiffs take nothing by
2  reason of the First Amended Complaint on file herein, that Defendants have judgement of
3  dismissal and for costs incurred herein, and for such other and further relief as the Court may
4  deem just and proper.

6  DATED: July 1, 2008

MARANGA • MORGENSTERN
A Professional Law Corporation

_____
ROBERT A. MORGENSTERN
CHRISTOPHER F. JOHNSON
RICHARD M. OZOWSKI
Attorneys for Defendants,
TRIMAC TRANSPORTATION SERVICES
(WESTERN), INC. and ROHM AND HAAS
COMPANY

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: July 1, 2008

MARANGA • MORGENSTERN
A Professional Law Corporation

_____
ROBERT A. MORGENSTERN
CHRISTOPHER F. JOHNSON
RICHARD M. OZOWSKI
Attorneys for Defendants,
TRIMAC TRANSPORTATION SERVICES (WESTERN), INC. and ROHM AND HAAS COMPANY