| | |
|---|---|
| 1 | MERRILL G. EMERICK, ESQ. (SBN 117248) |
| 2 | ROBERT MILTON DESKY, ESQ. (SBN 22977)<br>**ANDERLINI, FINKELSTEIN, EMERICK & SMOOT** |
| 3 | 400 South El Camino Real  Suite 700<br>San Mateo, California  94402 |
| 4 | Telephone (650) 348-0102 |
| 5 | Facsimile (650) 348-0962<br>Attorneys for Plaintiffs |
| 6 | SHEIK ZAHID ALI and SAFIYA ZAYNA ALI |

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

| | | |
|---|---|---|
| SHEIK ZAHID ALI and SAFIYA ZAYNA ALI, | ) | Case No.: 3:07-CV-04263-JSW |
| | ) | |
| Plaintiffs, | ) | PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. RULES OF CIV. PROC.26(f) REPORT |
| vs. | ) | |
| TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.; COLUMBIA PAINT & COATINGS; and DOES 1 to 100, | ) | Date:  July 18, 2008<br>Time:  1:30 p.m.<br>Dept:  Courtroom 2<br>        17TH Floor, Federal Building<br>        San Francisco, California |
| Defendants. | ) | Judge: The Honorable Jeffrey S. White |

Further pursuant to Federal Rules of Civil Procedure 26, Plaintiffs SHEIK ZAHID ALI and SAFIYA ZAYNA ALI submit this Supplemental Case Management Conference Statement and Fed. Rule of Civ. Proc. 26(f) Report.  This Statement will comment upon and to the extent necessary, update the items contained in the Initial Joint Case Management Statement previously presented to the Court at a hearing on December 21, 2007.

- 1 -

PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT  CONFERENCE
STATEMENT  AND FED. RULES OF CIV. PROC. 26(f) REPORT

1. **Jurisdiction and Service:**

There has been no change in the disclosures concerning jurisdiction and service. No issues have arisen regarding personal jurisdiction or venue nor are there any additional parties to be served and none have been served.

2. **Facts:**

The facts previously stated as part of the Initial Joint Case Management Statement by Plaintiffs and Defendants are essentially the facts previously presented, subject to being presented, augmented, and verified by oral testimony during trial.

One fact correction is necessary on page 4 of the Initial Joint Case Management Statement in line 4 where it was stated that Plaintiff fell approximately 18 feet to the ground. Measurement upon an inspection of the tanker in question establish that a fall from the top of the tanker, onto the concrete surface, would have been a fall of approximately 10 feet.

Further facts have been developed by a series of depositions including both Plaintiffs and TRIMAC management and operational personnel and which will continue to include a TRIMAC dispatcher and maintenance personnel. All such depositions have been successfully scheduled by stipulation and at present no discovery controversies have as yet arisen.

It should be noted that according to a First Amended Complaint filed by Stipulation on June 22, 2008, the Complaint was redrafted with the addition of a First Cause of Action alleging statutory liability on the part of TRIMAC TRANSPORTATION SERVICES (WESTERN), INC. for alleged failure to provide workers' compensation in violation of California Labor Code Sections 3706-3709. Defendant TRIMAC has answered denying such liability and has scheduled the further deposition of Plaintiff SHEIK ZAHID ALI in order to cover additional issues that may have been raised by the allegations of this amendment. Remaining causes of action were retained

PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT CONFERENCE
STATEMENT AND FED. RULES OF CIV. PROC. 26(f) REPORT

including those for statutory liability for failure to provide a safe place of employment in violation of California Labor Code Sections 6400-6404, liability for negligence, and products liability. Co-defendant ROHM AND HAAS is a defendant in the Third Cause of Action for negligence.

**3.   Legal Issues:**

1.   Further legal issues are raised by the new First Cause of Action introduced by the First Amended Complaint filed by Stipulation concerning the alleged failure of TRIMAC to provide workers' compensation insurance to Plaintiff SHEIK ZAHID ALI despite his status as employee, the allegations of which have been denied in the answer to such First Amended Complaint filed by TRIMAC July 1, 2008.

As pointed out discovery has been adjusted to accommodate the new issue introduced by the First Amended Complaint.

**4.   Motions:**

There have not been any motions made nor are there any prior, pending or anticipated motions.

**5.   Amendment of Pleadings:**

By stipulation the reference has already been made to the First Amended Complaint filed by Stipulation to counsel.

**6.   Evidence Preservation:**

The parties have agreed on a successfully concluded inspection of the tanker and of the cap to the tanker involved in the accident which again by stipulation has been submitted to Plaintiff's expert for inspection and non-destructive testing and is scheduled to be returned to TRIMAC as the source of the same.

- 3 -

PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT CONFERENCE
STATEMENT AND FED. RULES OF CIV. PROC. 26(f) REPORT

7. **<u>Disclosures</u>:**

The parties continue to believe there has been full and timely compliance with disclosure requirements.

8. **<u>Discovery</u>:**

As previously pointed out, discovery has taken place by way of stipulation and fact witnesses are being deposed during the month of July 2008 with perhaps again by stipulation, a further deposition or two in the month of August 2008.

Since expert disclosure is scheduled for August 1, 2008, it is believed that completion of expert disclosures, responsive disclosures and necessary expert depositions will be taken and concluded in a timely fashion, including also medical experts retained by Plaintiffs and responsive medical experts expected to be retained on behalf of Defendants.

9. **<u>Class Actions</u>:**

There is no class action and none is contemplated.

10. **<u>Related Cases</u>:**

None have been filed at the time of the filing of this statement and the court will be informed by the parties if any related case is subsequently placed on file.

11. **<u>Relief:</u>**

The relief previously described is that which is sought by Plaintiffs and previous disclosures are presently adequate.

12. **<u>Settlement and ADR</u>:**

A mediator has been selected and the mediation will take place after discovery and evaluation of both the liability and medical testimony.

PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT CONFERENCE
STATEMENT AND FED. RULES OF CIV. PROC. 26(f) REPORT

13. **Consent to Magistrate Judge for all Purposes:**

As previously noted, rejected by Plaintiffs.

14. **Other References:**

The parties agreed that there is no need for submission to any judicial panel for multi-district litigation or otherwise.

15. **Narrowing of Issues:**

In view of the stipulated discovery that has taken place the parties do not believe that the issues need to be narrowed at this time but in case they need to be, in view of the past track record of cooperation between the parties, it is believed that this will not present a difficulty.

16. **Expedited Schedule:**

Again there will be objection if such becomes feasible allowing for necessary discovery.

17. **Scheduling:**

The only scheduling date that has been changed is that for designation of experts changed by prior stipulated order of this Court, from July 1, 2008 to August 1, 2008.

18. **Trial:**

A jury trial has been requested based on jury demands by both Plaintiffs and Defendants, expected to last 5 to 8 days and presently by the Court's Scheduling Order set for January 12, 2009 at 8:30 a.m. for the predicted 5 to 8 days.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Necessary certificates have been filed and no further disclosure necessary since no such persons or entities have been identified.

PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT CONFERENCE
STATEMENT AND FED. RULES OF CIV. PROC. 26(f) REPORT

1  **20.** **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

To facilitate the speedy inexpensive disposition of the matter, it is believed no matters are to be determined at this time but if any such matters come to the fore, it is our belief that Plaintiffs as well as Defendants will be ready and willing to make such proposals as may be helpful to the Court.

DATED: July 11, 2008

                ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

                By:/s/_____
                    MERRILL G. EMERICK
                    ROBERT M. DESKY, Attorneys for Plaintiffs
                    SHEIK ZAHID ALI and SAFIYA ZAYNA ALI

PLAINTIFFS' SUBSEQUENT CASE MANAGEMENT CONFERENCE
STATEMENT AND FED. RULES OF CIV. PROC. 26(f) REPORT