**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEIK ZAHID ALI and SAFIYA ZAYNA ALI,

    Plaintiffs,

  v.

TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.; COLUMBIA PAINT & COATINGS and DOES 1 to 100,

    Defendants.
_____/

No. C 07-04263 JSW

**ORDER GRANTING MOTION TO DISMISS**

Now before the Court is the motion to dismiss for lack of subject matter jurisdiction filed by Defendant Trimac Transportation Sercices (Western), Inc.'s ("Trimac").[1] The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing date of February 6, 2009 is HEREBY VACATED. Having reviewed the parties' papers and relevant legal authority, the Court HEREBY GRANTS Trimac's motion to dismiss.[2]

---

[1] Trimac's motion was filed as motion to dismiss under Fed.R.Civ.P. 12(b)(1). Because this motion was filed after Trimac filed its answer, it was technically untimely. However, the matter of subject matter jurisdiction may be raised by the parties at any time pursuant to Fed.R.Civ.P. 12(h)(3), and Trimac's motion is "thus properly before the court as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983). Plaintiffs further argue that Trimac waived the defense of lack of jurisdiction by failing to plead it as an affirmative defense and that Trimac violated this Court's scheduling order. However, because the matter of subject matter may be raised by the parties at any time, the Court will address Trimac's motion.

[2] The Court overrules Plaintiffs' evidentiary objection to the entire Declaration of Barry E. Hedquist, to paragraph 4 of the Declaration of Judy K. (Jamie) Krisman in Support of Trimac's Motion, and to the entire Declaration of Judy K. (Jamie) Krisman in Support of

**BACKGROUND**

Plaintiffs Sheik Zahid Ali ("Ali") and Safiya Zayna Ali (collectively, "Plaintiffs") allege that Ali was injured on July 19, 2006 when he fell off a "tanker." (Second Amended Complaint ("SAC"), ¶ 12.) Ali initially alleged that Intaz Ali, doing business as Ali's Trucking, hired him, but on June 6, 2008, Plaintiffs filed an amended complaint in which they alleges that Trimac was Ali's employer. (*Compare* Complaint *with* First Amended Complaint, ¶¶ 9-11, 13.) On October 29, 2008, Plaintiffs filed a second amended complaint in which they continue to allege that Trimac was Ali's employer and that he was injured in the course and scope of his employment. (SAC, ¶ 8-10, 12.) Trimac moves to dismiss Plainttiffs' complaint on the grounds that the Court lacks jurisdiction to hear this action.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.     Applicable Legal Standards.**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African*

---

Trimac's Reply. The Court need not rule on the remainder of Plaintiffs' evidentiary objections because the Court did not need to consider such evidence in order to resolve Trimac's motion to dismiss.

*Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint.  Rather, he or she must come forward with evidence establishing jurisdiction.  *Thornhill*, 594 F.2d at 733.

**B.     Plaintiffs' Action Shall Be Dismissed.**

Trimac argues that the Court does not have subject matter jurisdiction over Plaintiffs' claims because they are barred by the exclusivity provisions of California's Workers' Compensation Act.  The California Workers' Compensation Appeals Board ("WCAB") has exclusive jurisdiction to adjudicate employees' claims allegedly injured in the course and scope of their employment.  *See* California Labor Code § 5300; *see also Aetna Cas. & Sur. Co. v. Aceves*, 233 Cal. App. 3d 544, 550-51 (1991); *Williams v. Minnesota Mining & Mfg. Co.*, 14 F.R.D. 1, 9 (S.D. Cal. 1953).  There is an exception to this exclusive jurisdiction permitting employees to bring an action in court for damages against an employer, however, if an employer fails to secure the payment of compensation as required under the Workers' Compensation Act.  *See* Cal. Lab. Code § 3706.  California law provides that an employer may provide the required compensation by "being insured against liability to pay compensation by one or more insurers duly authorized to write compensation insurance in this state."  *See* Cal. Lab. Code § 3700.  Whether an employer carried the required workers' compensation insurance is a question that goes to the Court's jurisdiction.  *Aceves*, 233 Cal. App. 3d at 553.

Plaintiffs allege that Trimac was Ali's employer and that Ali was injured in the course and scope of his employment.  (SAC, ¶¶ 8-10, 12.)  These factual allegations are judicial admissions that are binding against Plaintiffs.  *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings ...are considered judicial admissions conclusively binding on the party who made them.").  Therefore, Plaintiffs' argument that Trimac's treatment of Ali as a non-employee defeats Trimac's position that it provided workers' compensation insurance for him is misplaced.  Plaintiffs' judicial admission

3

United States District Court
For the Northern District of California

1  that Ali was Trimac's employee and that he was injured during the course and scope of his
2  employment bars Plaintiffs from arguing to the contrary now.
3      Trimac has submitted evidence demonstrating that during the applicable time it had
4  workers' compensation insurance to cover injured employees. Under a Policy with Zurich-
5  American Insurance Group, the one that Trimac refers to as the "Primary Workers
6  Compensation Policy", the policy provides that the insurance company would pay promptly
7  when benefits required by Trimac were required by the workers' compensation law.
8  (Declaration of Barry E. Hedquist ("Hedquist Decl."), Ex. B at TRIRFP0028.) Under another
9  policy, the one that Trimac refers to as the "Contingent Policy," the policy provides benefits
10 payable under workers' compensation and employers' liability law for drivers who are deemed
11 to be an employee of Trimac by any agency or court of competent jurisdiction.[3] (Hedquist
12 Decl., Ex. A.) Based on this evidence, the Court finds that Trimac has demonstrated that it
13 provided the required compensation. *See* Cal. Lab. Code §§ 3700, 3706.
14     Based on Plaintiffs' judicial admission that Ali was injured during the course and scope
15 of his employment by Trimac, and Trimac's evidence of that it had insurance policies in place
16 at the time of Ali's injury to provide workers' compensation insurance to its employees, the
17 Court finds that it does not have subject matter jurisdiction over this action. Whether Ali was in
18 fact covered by these insurance polices as an Trimac's employee, and whether Trimac complied
19 with these insurance policies, are matters for the WCAB to adjudicate. Accordingly, the Court
20 GRANTS Trimac's motion to dismiss.
21 ///
22 ///
23
24  [3] Plaintiffs argue that the Contingent Policy does not fulfill Trimac's obligation to
25 obtain insurance because the insurance company, Lexington Insurance Company, was not authorized to write compensation insurance in the State of California. However, the Lexington Insurance Company is a division of the AIG Casualty Group of Companies
26 ("AIG"). AIG is an authorized workers' compensation carrier listed by the California Department of Insurance. *See* Declaration of Judy K. (Jamie) Krisman in Support of
27 Trimac's Motion, ¶ 4; *see also* Declaration of Judy K. (Jamie) Krisman in Support of Trimac's Reply, ¶¶ 3-4, Ex. A; Declaration of Ralph Bravo, ¶ 6, Ex. B; Hedquist Decl., Ex.
28 A (giving notice that Lexingnton Insurance Company is a "member company of American International Group, Inc. (AIG)").

4

**CONCLUSION**

For the foregoing reasons, the Court HEREBY GRANTS Trimac's motion to dismiss this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: February 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE